# Penry *v.* Dozier.

*Libel and Slander.*

(Decided May 13, 1909.   50 South. 909.)

1. *Appeal and Error; Ruling on Pleading; Judgment Entry.*—On appeal the judgment entry only can be looked to to show the ruling on pleading, and where the recitals in the judgment entry conflict with those contained in the bill of exception as to rulings on pleadings, the recitals of the judgment entry will control.

2. *Same; Harmless Error.*—Where former rulings on pleadings as amended is detrimental to the rights of the party appealing, subsequent rulings on the pleadings as amended favorable to the party cures error as to the former ruling.

3. *Same; Questions Reviewable.*—Rulings on demurrer adverse to the party appealing which are not cured by the final judgment entry may be reviewed, and hence, the sustaining of demurrers to pleading before their final amendment not cured by the final judgment entry will be reviewed.

4. *Same; Harmless Error.*—No injury results to the complaining party in sustaining a demurrer to a complaint as first amended where a demurrer to the same count as subsequently amended was overruled and the same proof would support a recovery under the count as first amended or as subsequently amended.

5. *Same; Rulings Favorable to Appellant.*—On appeal rulings on pleadings favorable to the party appealing will not be considered.

6. *Same; Harmless Error.*—Where a complaint contains several counts substantially the same the sustaining of a demurrer to one of such counts is harmless where demurrer was overruled as to the other counts.

7. *Same; Harmless Error.*—Where it affirmatively appears that a question was subsequently fully answered, the sustaining of an objection to the question formerly put was harmless error; nor can error be predicated on the sustaining of an objection to a question which had just previously been fully answered.

8. *Same.*—Where a party testifies that the copies of letters offered in evidence were true copies of the original written to and received by him, there was no substantial error in admitting the copies in evidence against him.

9. *Same; Record; Questions Presented.*—Where the bill of exception does not purport to set out all of the evidence it cannot be said on appeal that the court erred in giving the affirmative charge.

10. *Same; Harmless Error.*—Although a ruling is erroneous where no injury resulted, it is not ground for reversal.

11. *Libel and Slander; Pleading; Complaint.*—In libel and slander the mere assertion that the defendant intended to charge a certain

[Penry v. Dozier.]

crime is not enough, unless the words used import unaided that he did so intend; if the words are susceptible of different meanings, one of which is libelous and slanderous, and the other innocent, or if they are ambiguous or uncertain, or if uttered ironically, the complaint must set forth enough fact to raise the implication that the offense charged was intended.

12. *Same.*—If the words used do not import or impute a crime they may be attended in the complaint with others called inducements, occasions, colloquims and innuendoes, in order to make the complaint sufficient where it would not be so otherwise.

13. *Same; Inducement.*—Inducement is intended to state facts whereby the libel or slander is rendered intelligible and is shown to contain an injurious imputation.

14. *Same; Colloquium.*—A colloquium serves to show that the words spoken or written were written or spoken in reference to the matter of averment.

15. *Same; Inuendo.*—An inuendo is explanatory of the subject matter already sufficiently expressed, and can be used only as explanatory thereof, so it cannot extend the sense of the words beyond their own meaning unless something is put on record for it to explain; it, therefore cannot make a fact certain which is uncertain, nor enlarge or restrict the meaning of words nor introduce new matter; nor can an innuendo be proven.

16. *Same; Operation and Effect of Innuendo.*—It is for the court to decide whether given words or a given publication are capable of the meaning ascribed to them by an innuendo, and it is for the jury to decide whether such meaning is truly ascribed to them.

17. *Same.*—Where words charge a crime so as to be unequivocably actionable per se, an innuendo will be treated as surplusage, but where the words claimed to be defamatory are capable of conveying an innocent meaning, there must be an averment and an innuendo showing that they were not only intended to be defamatory, but that the hearers understood them to convey such a meaning.

18. *Same; Publication; Necessity and Requisites.*—Publication of the alleged defamatory words is essential in order to maintain an action for libel or slander, and the publication must be to one or more persons other than the parties.

19. *Same; Writing and Mailing Letter.*—The writing of a letter by the defendant to the plaintiff and sending it through the mails directed to plaintiff only is not sufficient to show publication, standing alone.

20. *Same; Publication.*—If the complaint shows that the defamatory matter was communicated to others, than the parties, by or through the agency of the defendant, it is sufficient, it not being necessary that the particular circumstances of publication should be alleged.

21. *Same.*—The complaint should allege with exactness the time when and place where publication was made, unless the statute otherwise provides; but it is not necessary that the name of the person or persons to whom the communication or publication was made be given, as the word, published, imports that the words were spoken in the presence of some third person.

22. *Same; Statutory Form.*—A complaint in libel or, slander which, in its counts, conform substantially to the form laid down by the Code, is sufficient.

23. *Same; Libelous Per se.*—A charge that a person had acted in such a way that the libelant did not care to soil his hands any further with him does not, when standing alone, charge a crime or tend to degrade or bring such person into contempt or ridicule, and as a consequence, is not libelous per se.

24. *Same; Enlarging Meaning.*—Words which are not in fact libelous cannot be made so by an innuendo.

25. *Same; Proof of Publication.*—Allegations that a libelous letter was shown to divers named persons can and is supported by proof that the letter was read by the libelant to any other person than those named, and plaintiff is not confined to proof as to the persons named only.

26. *Same; Actionable Words.*—If charges that another is a thief or a liar are false and malicious, they are actionable without more.

27. *Same; Pleading and Proof.*—The same proof which would support a complaint alleging that defendant said plaintiff was a thief would support another count alleging that he was a thief and had stolen a chicken.

28. *Same; Pleading and Proof.*—Where a complaint or count therein alleges two or more matters of libel or slander, proof need not be introduced to support the whole, but proof of any part which is sufficient alone to support the action will be sufficient to sustain a judgment.

29. *Same; Evidence; Damages.*—In an action for libel and slander it is not error to sustain an objection to a question propounded to plaintiff as to whether or not he had suffered much.

30. *Same; Burden of Proof; Falsity of Charge.*—Where a plaintiff in an action for libel and slander alleges that the charges made against him were false he, thereby assumes the burden of proving the same.

31. *Pleading; Surplusage; Proof.*—Surplusage in pleading need not be proven.

32. *Charge of Court; Uncertain or Misleading Instructions.*—A charge which is uncertain in its statements and propositions is properly refused as calculated to mislead the jury.

33. *Same; Argumentative Instructions.*—It is not reversible error to refuse instructions merely argumentative.

34. *Same; Abstract Instructions.*—Where there is no plea of justification interposed to an action for libel or slander, but only the plea of the general issue, a charge asserting that the plea of justification has not been proven, is properly refused as abstract.

35. *Witnesses; Examination; Repetition of Question.*—It is within the discretion of the court to allow a witness to be asked the same question twice or more, but error cannot be predicated upon a refusal to permit.

36. *Same; Cross Examination; Testing Memory.*—Where it appeared that the letter was one that the witness had examined and writ-

ten, and the contents of which he testified he knew, such witness may be asked on cross examination if what was stated in the letter was true.

APPEAL from Perry Circuit Court.

Heard before Hon. B. M. MILLER.

Action by A. D. Penry against C. H. Dozier, for libel and slander. Judgment for defendant and plaintiff appeals. Affirmed.

HOGUE & CHAPPELLE, for appellant.—The court erred in sustaining the demurrer to the 1st count.—*Trimble v. Anderson* 79 Ala. 514; *Iron Age Pub. Co. v. Crudup,* 85 Ala. 519; *Ivey v. P. S. & L. Co.,* 113 Ala. 349; *Hereford v. Combs,* 126 Ala. 369; *Lee v. Crump,* 40 South. 609; 25 Cyc. pp. 255, 261-2. On these authorities it is insisted that the words used were libelous per se, and that the court erred in sustaining demurrers to the other counts. The court should have permitted the question to the plaintiff whether or not he had suffered much.—8 Ency of Evid. 255. The court erred in refusing charge 1.— *Lee v. Crump, supra.* Charge 2 should have been given. —*Hereford v. Combs, supra; Poole v. Beavers,* 30 Ala. 672. There can be no plea of justification to this action and the truth or falsity of the words spoken or written can be given in evidence only in mitigation of damages. Sec. 1438, Code 1896; *Hereford v. Combs, supra.* For this reason, charge 3 should have been given. The evidence shows not only implied but expressed malice.— *Shelton v. Simmons,* 12 Ala. 466; 8 Ency of Evid. 195; *Lee v. Crump, supra.*

PETTUS, JEFFRIES & PETTUS, and W. M. FOWLKES, for appellee. The court properly sustained demurrers to count 1.—18 A. & E. Ency of Law, 861; 102 Ala. 458; 85 Ala. 518. There is no colloquium or innuendo showing that any part of the letter was meant to charge a

crime or that it tended to hold appellant up to ridicule, public hatred or contempt.—*Trible v. Anderson,* 79 Ala. 514. The words were not actionable per se.—38 Ill 613; 45 Pac. 747; 41 Cal. 472. The court correctly sustained demurrers to the 2nd count.—*Weir v. Hoss,* 6 Ala. 881; 18 A. & E. Ency of Law, 1017 and note. Count 4 is in slander and demurrers to it were properly sustained.— *Ivey v. P. S. & L. Co.,* 113 Ala. 349; *Iron Age P. Co. v. Crudup,* 85 Ala. 520; Sec. 3287, Code 1896. This also applies to count 5. Count 6 is bad because it fails to show publication.—*Weir v. Hoss, supra,* and authorities above. The same may be said of count 7. The judgment entry sustaining the demurrers is not sufficient to support a judgment thereon.—*Jasper Merc. Co. v. O'Rear,* 112 Ala. 255; *McKissack v. Witz,* 120 Ala. 412. See also 27 South. 947; 123 Ala. 227; 124 Ala. 596; 125 Ala. 442; 126 Ala. 269. Counsel discuss assignments of error relative to evidence, but without citation of authority. This is also true as to the charges refused.

MAYFIELD, J.—This is an action of libel and slander brought by appellant against appellee.

The original complaint consisted of nine counts—the first, in libel, being predicated upon a letter written by the defendant to one W. S. Randall, of Marion Junction; the second, in libel, predicated upon a letter written by the defendant to the plaintiff; the third, in slander, charging that the plaintiff is a thief, thereby meaning that he had stolen a chicken; the fourth, in slander, charging plaintiff with false pretense, in that he had returned the wrong chicken to the defendant, that plaintiff had made affidavit to the chicken, and that plaintiff knew he was lying when he made the affidavit; the fifth, in slander, charging plaintiff with false representations by charging that defendant had sold plaintiff "a nice

[Penry v. Dozier.]

yellow-legged Plymouth Rock Cockerel" and the defend-
ant had "returned him a mongrel," and wanted him to
pay for it; the sixth, in libel, based upon a letter written
by defendant to plaintiff, the same letter relied upon in
count two; the seventh, in libel, based upon a letter writ-
ten by the defendant to W. S. Randall, the same letter as
relied on in count one; the eighth, in slander, charging
plaintiff with being a thief; the ninth, in slander, charg-
ing plaintiff with larceny, that he was a thief and had
stolen a chicken. Demurrers were filed by the defend-
ant, and sustained by the court, to counts 1, 2, 4, 5, 6, 7,
and 8, and so filed and overruled as to counts 3 and 9.
The counts to which demurrers were sustained
were amended, to which as amended demurrers
were refiled, and were sustained as to counts
1, 2, 4, 5, 6, 7, and 8. The plaintiff then
amended counts 2 and 6, to which counts as amended de-
murrers were refiled, whereupon the defendant de-
murred to each and all of the nine counts as finally
amended, and this demurrer to each of the counts was
overruled. The defendant, for answer to each count sev-
erally and separately, says that he is not guilty of the
matters alleged therein; that is to say, from the last
judgment entry it appears that issue was joined upon
the plea of not guilty as to each of the counts as finally
amended. It thus appears from the judgment entry,
which, on appeal, is the sole expositor of rulings upon
pleadings, that there is an inconsistency, or rather a
change, in a ruling by the court as to the sufficiency of
some of the counts as finally amended; that is to say,
there is one judgment entry showing that demurrers
were sustained to counts 1, 2, 4, 5, 6, 7, and 8 as amend-
ed, and there was no attempt to amend any of these
counts thereafter, except counts 2 and 6, which were
subsequently amended. After the final amendment of
these two counts, demurrers were filed to each count of

[Penry v. Dozier.]

the complaint as finally amended, assigning the same grounds of demurrer theretofore assigned to each of the counts, and by a subsequent judgment entry it appears that these demurrers last filed to each count of the complaint as finally amended were overruled, and that the defendant pleaded the general issue to each count of the complaint as finally amended. While it appears from the oral charge of the court and from other parts of the record that the trial was had only upon the general issue to counts 2, 3, 6, and 9 as finally amended, yet the judgment entry shows that issue was joined upon a plea of not guilty to each of the counts as finally amended. Consequently on this appeal we cannot review the rulings of the court upon the demurrer to any count of the complaint as finally amended, for the all-sufficient reason that the judgment entry shows that the last ruling of the court as to each of such counts as finally amended was in favor of the appellant, and, if the former ruling of the court upon any of the counts as amended was detrimental to the plaintiff's rights, it was cured by the subsequent ruling, which overruled the demurrer as to each of the counts finally amended.—*B'ham Ry. Co. v. James,* 138 Ala. 594, 36 South. 464.

While, as we have said, there is a conflict between the recitals in the bill of exceptions and the judgment entry, the recitals in the judgment entry must prevail as to the rulings upon demurrer.—5 Mayfield's Digest, p. 103, § 56. But we may and will review the rulings upon the demurrers adverse to plaintiff which were not cured by the final judgment entry which overruled the demurrers to each count as finally amended. Therefore the demurrers to these counts which were sustained prior to the time they were finally amended will be reviewed. Actions of libel and slander are sui juris. In the early ages, the jurisdiction as to actions of libel and slander

was confined exclusively to ecclesiastical tribunals, but later the common-law courts encroached on these actions and acquired jurisdiction. In this condition the actions were transplanted in America, and they exist in all of the United States to-day; the action and remedy being changed, in the various states by constitutional and statutory provisions.

In this state we have various constitutional and statutory provisions relating to these actions, most of which it is unnecessary here to consider further than will be hereafter mentioned. Our Code contains provisions regulating these two actions, and that of defamation. See chapter 73, §§ 3745-3753, Code 1907. The Code also contains a form for each of the actions of libel and slander. See forms 16, 17, p. 1197, vol. 2, Code 1907. By statute these forms are made sufficient. They first appeared in the Code of 1852 (pages 554-555), and are now substantially as they appeared in that Code, and since the adoption of that Code have been held sufficient. Section 5323 of the present Code of 1907, which was 2229 of the Code of 1852, dispenses with colloquium or innuendo in actions for defamation, and provides that the "complaint is sufficient if it states the defendant falsely and maliciously charged the plaintiff with perjury, larceny, or other crime, as the case may be, in substance as follows" (setting it out). It is therefore only necessary that the count of the complaint should conform to these statutory requirements in order to be sufficient in actions of libel or slander. The sufficiency of complaints has been several times tested by this court since the enactment of these statutory provisions, and it has been held that, when the words complained of in libel or slander import or impute a crime, then the complaint may be very simple and brief, but, if the words used are susceptible of different meanings, some of which are li-

belous or slanderous, and others innocent, or if they are ambiguous or uncertain, or if uttered ironically, then the complaint must set forth enough antecedent or attendant facts to raise the implication that the offense charged was intended. Merely asserting in the complaint that the defendant intended to charge a certain crime is not enough unless the unaided words import that he did. If the words used do not import or impute a crime, they may be attended in the complaint with others, called inducements, occasions, colloquiums, and innuendoes, such as to make the complaint sufficient which would be otherwise insufficient. As Judge Stone says, these give point and direction to what otherwise would seem innocuous.—*Long v. Musgrove,* 75 Ala. 158. An inducement is a statement of facts out of which the charge arises, or which is necessary or useful to make the charge intelligible. In other words, it is intended to state facts by reference to which the libel or slander is rendered intelligible and is shown to contain an injurious imputation. A colloquium only serves to show that the words were spoken in reference to the matter of the averment. An innuendo is only explanatory of the subject matter sufficiently expressed before, and is and can be explanatory only of such matter. It cannot extend the sense of the words beyond their own meaning unless something is put upon the record for it to explain. —*Van Vechten v. Hopkins,* 5 Johns. (N. Y.) 220, 4 Am. Dec. 339. An innuendo cannot make a thing certain which is, in fact, uncertain. An innuendo cannot enlarge or restrict the natural meaning of words, nor can it introduce new matter. An innuendo cannot be proved, and it is for the court to decide whether given words or given publications are capable of the meaning ascribed to them by the innuendo, and for the jury to decide whether such meaning is truly ascribed to them.—

*Gaither v. Advertiser Co.,* 102 Ala. 458, 14 South. 788; *Wofford v. Meeks,* 129 Ala. 349, 30 South. 625, 55 L. R. A. 214, 87 Am. St. Rep. 66; *Henderson v. Hale,* 19 Ala. 154; 25 Cyc. p. 449. Where words claimed to be defamatory are capable of conveying an innocent meaning, then there must be an averment and an innuendo showing, not only that the words were intended by plaintiff in a defamatory sense, but that the hearers may have understood the language as conveying the alleged defamatory meaning.—*Smith v. Gaffard,* 33 Ala. 168. But if the words are unequivocally actionable per se—that is, charging a crime—then an innuendo will be treated as mere surplusage. 25 Cyc. p. 452.

Allegation and proof of the publication of the alleged defamatory words are essential to the maintenance of the action for libel or slander. There must be a communication to some person other than the plaintiff and defendant. It is not necessary that it be made known to the public generally. It is enough if made known to a single person other than the plaintiff or defendant, but the writing of a letter by a defendant to the plaintiff and sending the same through the mail, directed to the plaintiff only, standing alone, is not sufficient to show publication.—*Roberts v. English Mfg. Co.,* 155 Ala. 414, 46 South. 752; *Weir v. Hoss,* 6 Ala. 881; 25 Cyc. p. 365 et seq. It is sufficient if the complaint shows that the defamatory matter was communicated to others than the plaintiff or defendant by or through the agency of the defendant, and it is not necessary that the particular circumstances of the publication should be alleged. The name of the person or persons to whom the communication or publication was made need not be given, and the word "published" imports that the words were spoken in the presence of some third person. The complaint should allege with exactness the time when and the place where

the publication was made, unless the statute otherwise provides.—25 Cyc. p. 446; *Ware v. Cartledge,* 24 Ala. 622, 60 Am. Dec. 489. This rule is probably changed in this state because of the form prescribed by the Code. Hence a count which substantially conforms to the Code requirements in this state would be sufficient.

We will apply these rules of law to the complaint. We do not think that counts Nos. 1 and 7, as originally filed or as amended, state any cause of action. They are based exclusively upon an alleged libelous letter written by the defendant to W. S. Randall on February 15, 1907, which letter is set out in the complaint, but this is certainly not libelous per se, nor is it attended with any averments, colloquiums, or innuendoes which could make it sufficient without additional allegation of special damages, as to which there is no attempt in either count. It is seriously contended by counsel for appellant that the phrase used in such letter. "However, he has acted in such a way I do not care to soil my hands any further with him," is libelous per se; that it tended to degrade the plaintiff, or to bring him into contempt or ridicule. While such language may be offensive and might be insulting, it charges no crime and could not reasonably be construed, standing alone, or accompanied by nothing further than appears in the letter or in the other counts, to charge a crime, or to tend to degrade or bring the plaintiff into contempt or ridicule. A mere allegation in the complaint that it was intended to charge a crime or to degrade or bring the plaintiff into contempt or ridicule cannot be sufficient. Such are merely gratuitous conclusions of the pleader, and cannot be taken to give the words a meaning which they did not otherwise have. One cannot make a thing libelous that is not in fact libelous by merely adding an innuendo.—*Wofford v. Meeks,* 129 Ala. 355, 30 South.

[Penry v. Dozier.]

625, 55 L. R. A. 214, 87 Am. St. Rep. 66, and authorities there cited. While we do not decide that a count for libel and slander could not be based on this letter for the reason that it is not necessary, it is difficult to see how it could be done; but it is certain there is nothing in any count of this complaint or in all together which shows that anything contained in that letter would amount to a libel or slander.

As to counts 2 and 6, which attempt to charge libel and which are based upon a letter written by the defendant to plaintiff on February 15, 1907, in reply to a letter of the plaintiff to the defendant of same date, this letter or the matters contained therein do embrace words that are libelous and slanderous when spoken or published of another to a third-party. Hence, these two counts, 2 and 6, if they had alleged a publication of this letter, would have been sufficient; but the counts as originally filed had no allegation of publication other than the writing of the letter by the defendants. Therefore these original counts were defective in failing to allege a publication. To these counts, 2 and 6, an amendment was first added, which in effect, cured the defect as to publication by alleging that the letter was published. The amendment struck out the words "written to plaintiff," and inserted in lieu thereof the words, "which the defendant wrote and showed to divers persons at Marion, Ala.," and also inserted the figures "15" in the blank preceding the word "day." To these counts as amended demurrer was interposed and was sustained. As to this the trial court was in error. It is true that the two counts were subsequently amended by striking out the word "wrote" and inserting in lieu thereof the word "published," and by striking out the phrase, "and showed to divers persons," and inserting in lieu thereof, immediately after the words, "at Marion, Ala." the words,

"by showing said letter to divers persons, to-wit, A. T. Haley, W. W. Corley, and Robert Redding," and to those counts as last amended the demurrer which was interposed was overruled. The two rulings of the court we think are inconsistent, because there is no substantial difference between the complaint as first amended and as last amended. The complaint as last amended would have supported a judgment for the plaintiff under proof which established or tended to establish the complaint as first amended. The fact that the complaint as last amended alleged that the letter was shown to divers persons, to-wit, A. T. Haley, W. W. Corley, and Robert Redding, would not have confined him to proof as to these persons only, but it would and could have been supported by proof that the letter was read by or read to any other person. This is to say, the allegation that it was shown to or read to these three persons named was surplusage, and could not be required to be proven, but proof that the letter was read by or to any other party than the defendant or plaintiff would have been sufficient. This court does not and cannot know whether the trial judge changed his opinion between the time he ruled upon counts 2 and 6 as first amended and the time at which he ruled upon the counts as last amender, or whether he thought the counts were good as last amended and bad as first amended, but it is wholly immaterial as to whether the trial court changed his opinion or not—the result was the same in either case, and, the demurrer being overruled to the counts as last amended, no injury could have resulted to the plaintiff from sustaining the demurrer to the counts as first amended, for the reason that the same proof which would support a conviction under the one would support it under the other. No different, no more, nor no less, is required under the one than under the other.

The last amendment being surplusage, it was not nec-
essary to prove it.

It is unnecessary to consider counts Nos. 3 and 9 for
the rulings thereon are in favor of the plaintiff.

Count No. 4 is wholly defective. It is an attempt at
a count of slander, and alleges that the defendant falsely
charged the plaintiff with false pretenses, and then sets
out the alleged language by which the false pretenses
are said to have been charged, but no one of the alleged
false statements nor all together constitute the crime
or offense of false pretenses or any element thereof, nor
does any or all of the alleged slanderous words justify
or support a colloquium or innuendo, and, it alleging
no special damages, we do not see how it could be suffi-
cient as a count of slander.

Count No. 5 is more clearly and palpably bad than
count No. 4, for the same reasons assigned to count No.
4, and consequently there could be no error in sustain-
ing the demurrer to either one of these counts.

Count No. 8 we think is sufficient to charge slander.
While the authorities are not uniform as to whether or
not falsely charging the plaintiff with being a thief or of
being a liar or of lying without specifically charging
larceny or perjury and without sufficient inducements,
colloquiums, or innuendoes to show that it was intended
thereby to charge an indictable crime, yet we think the
better rule is that such charges if false and malicious
are objectionable without more. See *Brooker v. Coffin*,
5 Johns. (N. Y.) 188, 4 Am. Dec. 337, which holds and
cites all the cases deciding that such words are action-
able, and *Little v. Barlow*, 26 Ga. 423, 71 Am. Dec. 219,
*Commons v. Walters*, 1 Port. 377, 27 Am. Dec. 635;
25 Cyc. 300, and notes therein, which hold the contrary
—which latter we follow. See, also, *Trimble v. Ander-
son*, 79 Ala. 514. But, if there was error in sustaining

demurrer to count No. 8, it was without injury, for the reason that the demurrer was overruled as to counts 3 and 9, which are in substance the same as count No. 8, and with counts Nos. 3 and 9 in the complaint there could be no injury in sustaining demurrer to count No. 8, for the reason that all are in effect the same. The plaintiff was accorded all the benefits which he could have acquired under the eighth count.—*Gaines v. Va. Co.,* 124 Ala. 394, 27 South. 477; *L. & N. R. R. Co. v. York,* 128 Ala. 305, 30 South. 676; *Woodward Iron Co. v. Andrews,* 114 Ala. 243, 21 South. 440; *First Nat. Bank v. Chandler,* 144 Ala. 286, 39 South. 822, 113 Am. St. Rep. 39; *Martin v. Butler,* 111 Ala. 422, 20 South. 352. Count No. 8 alleged that the defendant falsely and maliciously charged the plaintiff with being a thief by saying of him that "he is a thief," and count No. 9 alleged that the defendant falsely and maliciously charged plaintiff with larceny by speaking or saying of him that "he is a thief and had stolen a chicken," and the third count alleged that the defendant charged the plaintiff with larceny by saying of him that "he is a thief," that "he (meaning plaintiff) had stolen a chicken." The same proof required under count 8 would have supported a verdict under count No. 9. While it is alleged in count No. 9, in addition to what is alleged in count No. 8, "that he had stolen a chicken," the plaintiff would not be required to prove both of these conjunctive averments. Saying either that he was a thief or that he had stolen a chicken would import larceny, and proof of either would support a judgment for plaintiff under the ninth count. In actions of libel and slander, the plaintiff is not required to prove the whole of the alleged libel or slander, but proof of any part which is sufficient alone to support the action would be sufficient under the complaint or count alleging two or more.—*Scott v. Mc-*

[Penry v. Dozier.]

*Kinnish,* 15 Ala. 662; *Chandler v. Holloway,* 4 Port. 17; 25 Cyc. p. 484. Consequently there could be no injury resulting to the plaintiff in sustaining demurrer to this count. Proof necessary to support a verdict under count No. 8 would have supported a verdict under counts 3 or 9. While the language is not the same in any one of these three counts, 3, 8, and 9, the material averments are the same, and proof which would support a verdict under any one would support a verdict under the others. We have examined carefully each objection made by the plaintiff to the evidence and each assignment of error based thereon, and we find no error which could have been injurious to the plaintiff. The court sustained an objection to the question propounded to the plaintiff: "Have you or not suffered much?" This was not error, but, if it was, it was clearly without injury, because the witness subsequently answered, "Why, yes; I suffered mentally after receiving that letter. Yes; my suffering mentally has been great about this matter. This suffering has not affected me in my business, and has not affected my health to any great extent." It therefore affirmatively appears that the question was subsequently answered fully, which cured the error in sustaining the objection to the question.

The court also sustained an objection to the following question: "Has or not the charge made by the defendant affected your business?" This might be error but for the fact that it appears that the witness had just previously answered the identical question by stating that he was in the business of raising high-class chickens for market, and had established a trade for his chickens, and that the charge had not affected his health or business. It is certainly within the legitimate discretion of the court to permit a witness to be asked the same question twice or more, but his refusal to permit it cannot be reversible error.

It is also assigned as error that the court overruled an objection of the plaintiff to the question propounded to him by the defendant on cross-examination as follows: "What was stated in that letter is true, is it not?" We can see no possible objection to this question on cross-examination of the witness. The witness had examined the letter which he himself had written, and the contents of which he testified that he knew. It was competent to test his memory, and it only called for a fact which it appeared was in the knowledge of the witness.

It is also assigned as error that the court allowed to be introduced in evidence copies of certain letters which are set out in the transcript and mentioned in the assignment. It is insisted that this was error because the originals were the best evidence. It is true that the originals were the best evidence, but it appeared that they were in the possession of the plaintiff because they were letters written to him and which were shown to have been received by him, and he testified that they were true copies of the originals received by him. The defendant offering the copies and the plaintiff admitting that they were true copies, it certainly could not be error or injury to allow the copies to be introduced if the copies were correct copies of the original, and as to this we have the plaintiff's own testimony. There could be no injury in introducing the copy instead of the original.

Assignments of error 21-24 go to the refusal of the court to give certain written charges requested by the plaintiff.

Charge No. 1, which was requested by the plaintiff, was properly refused, because it is not certain as to the statements and propositions involved therein. It is therefore uncertain and calculated to mislead the jury, and for the further reason that the charge is argumentative.

There was no error in the refusal to give charge No. 2, because it is abstract. It is predicted upon a plea of justification not being proven, while the record affirmaticely shows that there was no plea of justification, but only a plea of the general issue was filed.

Charge No. 3 was, in effect, the general affirmative charge for the plaintiff, and the bill of exceptions not purporting to set out all of the evidence we cannot know whether such charge was proper or improper.

Charge No. 4, abstractly considered, intended probably to state a correct proposition of law, but it was correctly and properly refused by the court in this case for two very sufficient reasons. Some of the charges alleged to have been made by the defendant against the plaintiff would not be presumed to be false until they were proved, while others might. The charge is therefore too general, and it includes all the charges—those that would be presumed to be false as well as those that would not be so presumed. The charge was also argumentative.

Some of the alleged charges made by the defendant against the plaintiff were alleged by the plaintiff to be false. After alleging that they were false, he thereby assumed the burden of proving them to be false. While there are errors in this record which we have pointed out, it affirmatively appears that in them there was and could be no injury to the plaintiff. And, where it affirmatively appears that no injury did or could result from an erroneous ruling of the court, such erroneous ruling cannot and should not be available to reverse and remand. This is a doctrine well established, and rightly established, in this state. It is so well and thoroughly established that it has been extended to criminal cases by statute. See section 6254, Cr. Code 1907; also 3 Mayfield's Digest, p. 396; volume

5, 355, subject, "Error Without Injury," which collect many of the authorities.—See, also, *First Nat. Bank v. Chandler,* 144 Ala. 286, 39 South. 822, 113 Am. St. Rep. 39 ;*Taylor v. Corley,* 113 Ala. 580, 21 South. 404; *Smith v. Heineman,* 118 Ala. 195, 24 South. 364 72 Am. St. Rep. 150; *Booth v. Dexter Co.,* 118 Ala. 369, 24 South. 405; *Farley Bank v. Henderson,* 118 Ala. 441, 24 South. 428; *Woodward Iron Co. v. Andrews,* 114 Ala. 243, 21 South. 440.

The case is affirmed.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.