147 So. 184

### MEADORS v. HARALSON.
### 5 Div. 113.

Supreme Court of Alabama.
March 16, 1933.

Rehearing Denied April 13, 1933.

Strother & Fuller, of Lafayette, for appellant.

Chas. S. Moon, of Lafayette, and Denson & Denson, of Opelika, for appellee.

KNIGHT, Justice.

The plaintiff, an unmarried woman, brought this suit against the defendant for the recovery of damages for alleged slanderous statements by the defendant, imputing immoral or unchaste conduct or a lack of chastity to the plaintiff.

There were verdict and judgment for the defendant in the court below, from which the present appeal is prosecuted by the plaintiff.

■■ The appellant's first assignment of error presents for our review the propriety of the court's action in sustaining defendant's demurrer to count 3 of the complaint. For a better understanding of this count we here reproduce it: "(3) The plaintiff further claims of the defendant twenty-five Thousand dollars damages for falsely and maliciously charging the plaintiff, an unmarried woman with a want of chastity by speaking of and concerning her in the presence of divers persons in substance as follows:. That five men saw the plaintiff in the woods at a still, and that he was one of them on or about the 7th day of May, 1930, meaning thereby to charge that the plaintiff was engaged in immoral or unchaste conduct."

The pleader does not inform the court whether the still was a whisky still or a turpentine still. However, such further statement would not have aided the pleading. Apt grounds of demurrer were interposed to this count. To aid her pleading, plaintiff resorts to innuendo.

In the case of Fitzpatrick v. Age-Herald Publishing Co., 184 Ala. 510, 63 So. 980, 981, 51 L. R. A. (N. S.) 401, Ann. Cas. 1916B, 753, this court had occasion to make some observations as to the office of the innuendo in pleading, and which are here pertinent. In

that case it is held that, unless the words published or spoken are fairly susceptible of the meaning attributed to them by the pleader in the innuendo, the actionable quality of the words is not disclosed, for the innuendo is but the deduction of the pleader. It is there said: "The only office of the innuendo is to explain some matter already expressed, or to serve to point out where there is precedent matter. It may apply what is already expressed, but cannot add to, enlarge, or change the sense of the previous words. If the meaning given to the words by the innuendo is broader than the words would naturally bear, the pleading is bad, for, in law, the innuendo is but the deduction of the pleader from the words used in the publication, and this court has repeatedly held that it is for the court to say whether the meaning charged by the innuendo is supported by the language used in the publication. Henderson v. Hale, 19 Ala. 159; Wofford v. Meeks et al., 129 Ala. 349, 30 So. 625, 55 L. R. A. 214, 87 Am. St. Rep. 66; Gaither v. Advertiser Co., 102 Ala. 458, 14 So. 788."

The only words charged to the defendant were: "That five men saw plaintiff in the woods at a still and that he was one of them on or about the 7th day of May, 1930." Just how such words could be construed into a charge of immorality and unchaste conduct on the part of complainant, we confess, is beyond our ken. The spoken words do not support the pleader's deduction, and the count was, and is, bad, and subject to the demurrer directed thereto.

■■ The appellant insists here that the court committed error to reversal in sustaining defendant's objection to the following question propounded by plaintiff to defendant, when on the stand as a witness in his own behalf: "And is it not a fact that you boasted to several of the men, Mr. Hill, Mr. Warlick, and Mr. Dix, especially, that you would ruin Miss Lucile?" Ordinarily, questions tending to show the animus of the defendant toward the plaintiff are permissible, but the question asked Dr. Haralson, by reason of the use of the word "boasted," was objectionable. What the defendant (witness) may have said to the parties may not have amounted to a boast, and the witness, under every rule of evidence bearing upon the question was entitled to have the words used by him stated in the question, rather than plaintiff's conception of the import of the words, and thereby to leave it to the jury to determine whether the words amounted to a "boast."

■■ The appellant's next argument is addressed to the action of the court in sustaining the defendant's objection to the following question propounded to the defendant, when testifying in the cause: "And you had him to go there to try to get somebody to swear something against Miss Lucile's character, didn't you?"

Just prior to the time this question was asked, the witness had in effect stated that he had a man employed to get up the evidence in the case for him. The plaintiff had asked the witness this question, "You had him to go to Prattville trying to get somebody there to swear to something against Miss Lucile?" to which question the witness had answered, "I did not." Then it was that the last above objected to question was asked. The appellant insists that the court committed error in sustaining the defendant's objection to the said question, in as much as the defendant's only plea in the case was the plea of the general issue, and he had not attempted to justify his conduct by filing a plea of justification. The appellant overlooks the rule of law that under a plea of the general issue a defendant may offer proof that the words spoken were true, as such proof can be considered by the jury in mitigation of damages. Tingle v. Worthington, 215 Ala. 126, 110 So. 143; Kirkpatrick v. Journal Publishing Co., 210 Ala. 10, 97 So. 58. This answers the criticism advanced in brief by appellant of the action of the court in sustaining defendant's objection, and we will not cast about to find other grounds of objection to the question, which were not interposed in the court below.

■ Likewise, we are of the opinion the court committed no error in sustaining defendant's objection to the following questions propounded to this same witness by the plaintiff, viz.: "You were paying him?" "Isn't it a fact also, Doctor, that you made a trip into Kentucky trying to get evidence to break down Mr. White's character?" The defendant had the legal right to employ a representative to prepare his case, and might make trips wherever he might think he could find evidence that would be beneficial to his cause.

■ After J. L. Hardaway had been offered and examined by the plaintiff to testify as to the good character of the witness H. C. White, and had testified to his good character, on cross-examination he was asked this question by the defendant: "Did you ever hear his character discussed or remarked on by Mr. W. D. Warlick, or Mr. Jim Keith, or Mr. Albert Pratt, or Mrs. W. D. Warlick, or Billy Dix, or Cliff Mathews, or Elliott Webb, or Mrs. Billy Dix?" With the possible exception of Mr. and Mrs. Dix, the parties named in the interrogatory lived in Cusseta where the witness White resided.

The question was asked on cross-examination, and it is a familiar rule of evidence that a wide latitude is allowed on cross-examination, and just how far the cross-examination may be extended for the purpose of testing the credibility of a witness, or the accuracy of his statements, is a matter resting largely in the trial court's discretion. Tobias v. Treist, 103 Ala. 664, 15 So. 914; Noblin v. State, 100 Ala. 13, 14 So. 767; Southern Ry. Co. v. Brantley, 132 Ala. 655, 32 So. 300. We can affirm no error in this ruling of the court.

■ The foregoing disposes of all exceptions reserved by the plaintiff to rulings of the court on admission and exclusion of evidence, which are argued in brief of appellant, and while other errors are assigned upon the record challenging the propriety of the court's ruling on admission and exclusion of evidence, yet appellant has not seen proper to discuss the same in brief, and, following our uniform rule in that regard, we shall treat such assignments as waived. Futvoye et al. v. Chuites et al., 224 Ala. 458, 140 So. 432; Western Union Tel. Co. v. Benson, 159 Ala. 254, 48 So. 712; Hodge et al. v. Rambo, 155 Ala. 175, 45 So. 678; Republic Iron & Steel Co. v. Quinton, 194 Ala. 126, 69 So. 604; Whitaker et al. v. Hofmayer Dry Goods Co., 211 Ala. 160, 99 So. 911; Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158.

■ The record discloses that at the conclusion of the court's oral charge a colloquy occurred between the court and plaintiff's attorney as to a portion of the court's oral charge, and an exception was reserved thereto by the plaintiff, but the appellant has here assigned no error as to this action of the court. For that reason we cannot review this ruling of the court, albeit the appellant has in brief insisted that the court committed error in the charge. This court on appeal can only consider such errors as are duly assigned upon the record.

■ The court committed no error in giving the jury defendant's requested charge 5. This charge simply told the jury that, to constitute slander, the slanderous words must be spoken to some person or persons other than the plaintiff. Penry v. Dozier, 161 Ala. 292, 50 So. 909. The charge stated a correct proposition of law, and, if the plaintiff conceived that the charge had a tendency to mislead the jury, an explanatory charge should have been requested. Brown v. Woolverton et al., 219 Ala. 112, 121 So. 404, 64 A. L. R. 640; Reed v. L. Hammel Dry Goods Co., 215 Ala. 494, 111 So. 237.

■ While charges A, 10, and 11 could well have been refused, reversible error will not be predicated thereon.

We have examined and carefully considered all errors assigned upon the record, and which have been here argued, and find no reversible error.

The judgment of the circuit court will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.