93 So.2d 741

Charles R. McGRAW

v.

Bert THOMASON.

7 Div. 338.

Supreme Court of Alabama.

March 14, 1957.

Copeland & Copeland, Gadsden, for appellant.

Starnes & Holladay, Pell City, for appellee.

MERRILL, Justice.

Appellant, Charles McGraw, sued appellee, Thomason, seeking damages for libel. His wife, Hazel McGraw, sued by identical complaint in another case which is here as 7 Div. 339, Ala., 93 So.2d 745.[1] Demurrers to the complaints were sustained three different times, but were overruled as to Count Four, the result of the last amendment.

The cases were tried together, and when appellants rested, appellee also rested and asked for the general affirmative charge with hypothesis in each case. The court granted the motion and gave the requested written charge. The verdicts were for the defendant in compliance with the charge and each plaintiff appealed.

McGraw and Thomason owned adjoining lots on the same side of U. S. Highway No. 11 in St. Clair County. McGraw had a filling station on his lot. Thomason had a small shop on his lot nearest the McGraw line and his dwelling was a few feet from the shop. On October 11, 1950, Thomason erected a sign parallel to the highway, near the point where the McGraw-Thomason property line intersected the highway right-of-way on which was printed the following:

"No Trespassing Allowed By Charles & Hazel McGraw or Their Agents or Employees."

The sign remained there for several months; it was then taken down and attached to the front side of the shop building on Thomason's lot, just under the windows of the shop and still parallel to the highway. The sign was finally removed in July, 1952.

The tendencies of the evidence were that the sign was clearly visible from the highway and appellant's place of business, that after the erection of the signs, appellant's business took an immediate drop to approximately fifty per cent of the volume done previously, and after the removal of the signs, appellant's business showed an increase. There was evidence that some persons would drive into appellant's parking area, start to leave their car, see this and other signs and leave without entering appellant's place of business.

Two witnesses who lived in the neighborhood and one salesman testified, over objection, that to them the sign meant that Charles or Hazel McGraw had been trespassing on the property of appellee. It was undisputed that the McGraws had not trespassed on the property and they had no employees.

The only assignment of error complains of the trial court's action in giving the general affirmative charge with hypothesis for the defendant.

In actions for libel, the complaint must allege that the words were "falsely and maliciously" published. Harrison v. Burger, 212 Ala. 670, 103 So. 842; Ripps v. Herrington, 241 Ala. 209, 1 So.2d 899; Tit. 7, § 223, Form 17, Code of 1940. Where the publication is libelous per se, the law presumes it to be false and, therefore, prompted by malice. Ripps v. Herrington, supra. But where the publication is not libelous per se but only per quod, malice is not implied in law but must be shown. 33 Am.Jur., Libel and Slander, § 266. Here, the words on the sign are certainly not libelous per se and there was no proof that the

1. Post, p. 640.

638

words were "falsely and maliciously" published and no presumption can be indulged in from the use of the words on the sign and the innuendo. "If the language is not actionable per se, and is not capable of the meaning ascribed by the innuendo or of being understood in a defamatory sense, there is not question for the jury." 53 C.J.S., Libel and Slander, § 223, p. 339. "If the judge, taking into account the manner and the occasion of the publication and all other facts which are properly in evidence, is not satisfied that the words are capable of the meaning ascribed to them, then it is not his duty to leave the question raised by the innuendo to the jury." Gatley, Law and Practice of Libel and Slander in a Civil Action, page 128. The trial court was justified in giving the requested charge.

■ It is our opinion that the trial court should have sustained the demurrer to Count Four on the specified ground that the count did not state a cause of action. The complaint, consisting only of Count Four, reads:

"The plaintiff claims of the defendant the sum of Ten Thousand & No/100 Dollars ($10,000.00) damages for falsely, maliciously, or libelously publishing of and concerning the plaintiff on a sign posted on a building on lands adjoining the lands of the plaintiff, in the Northern Judicial Division, St. Clair County, Alabama, from to-wit, October, 1950, through July, 1952, the following matter with intent to defame the plaintiff, to-wit: 'no trespassing allowed by Charles and Hazel McGraw, or their agents or employees', and the plaintiff avers that by the names Charles and Hazel McGraw the defendant was referring to the plaintiff in this cause, and plaintiff avers that the said publication was widely circulated and know throughout the community wherein the plaintiff lived, and that persons seeing said publication understood and believed it to mean that plaintiff had previously trespassed on the lands of the defendant, or had authorized such agents or employees, and plaintiff further avers that persons seeing said publication believed that the defendant was charging that the plaintiff had previously trespassed on the lands of defendant or had authorized such trespass by plaintiff's agents or employees, and plaintiff thereby suffered a loss of business, plaintiff's reputation and standing in the community were injured and plaintiff was humiliated and suffered mental pain and anguish, all as a proximate consequence of said false, malicious, or libelous publication, all to plaintiff's full damage, hence this suit."

As already stated, the words on the sign are not libelous per se. They do not impute the commission of an indictable offense either past or presently. Our statute requires that a person must have been warned not to trespass within six months preceding the trespass before he can be prosecuted for such trespass. Tit. 14, § 426, Code 1940. The appellee had a right to warn appellant not to trespass on his property irrespective of whether appellant had previously done so.

■ The appellant evidently realized that the words were not libelous per se and to aid his pleading, he was forced to resort to innuendo. In Meadors v. Haralson, 226 Ala. 413, 147 So. 184, 185, we said:

"In the case of Fitzpatrick v. Age-Herald Publishing Co., 184 Ala. 510, 63 So. 980, 981, 51 L.R.A.,N.S., 401, Ann.Cas.1916B, 753, this court had occasion to make some observations as to the office of the innuendo in pleading, and which are here pertinent. In that case it is held that, unless the words published or spoken are fairly susceptible of the meaning attributed to them by the pleader in the innuendo, the actionable quality of the words is not disclosed, for the innuendo is but the deduction of the pleader. It is there said: 'The only office of the innuendo is to explain some matter already expressed, or to serve to point out where there is

precedent matter. It may apply what is already expressed, but cannot add to, enlarge, or change the sense of the previous words. If the meaning given to the words by the innuendo is broader than the words would naturally bear, the pleading is bad, for, in law, the innuendo is but the deduction of the pleader from the words used in the publication, and this court has repeatedly held that it is for the court to say whether the meaning charged by the innuendo is supported by the language used in the publication. Henderson v. Hale, 19 Ala. [154] 159; Wofford v. Meeks, et al., 129 Ala. 349, 30 So. 625, 55 L.R.A. 214, 87 Am.St.Rep. 66; Gaither v. Advertiser Co., 102 Ala. 458, 14 So. 788.'"

It was for the court to decide whether the words on the sign were capable of the meaning ascribed to them by the innuendo. The words do not support the pleader's deduction and, therefore, Count Four did not state a cause of action. Penry v. Dozier, 161 Ala. 292, 50 So. 909, and Hendrix v. Mobile Register, 202 Ala. 616, 81 So. 558. For a general discussion of our cases on libel, see Tidmore v. Mills, 33 Ala.App. 243, 32 So.2d 769; certiorari denied 249 Ala. 648, 32 So.2d 782, and Albert Miller & Co. v. Corte, 5 Cir., 107 F.2d 432.

■■ The definitions of libel, as found in the cases, vary somewhat in phraseology, and are more or less comprehensive, as may be called for by the particular charge involved in the case. Generally, any false and malicious publication, when expressed in printing or writing, or by signs or pictures, is a libel, which charges an offense punishable by indictment, or which tends to bring an individual into public hatred, contempt, or ridicule, or charges an act odious and disgraceful in society. This general definition may be said to include whatever tends to injure the character of an individual, blacken his reputation, or imputes fraud, dishonesty, or other moral turpitude, or reflects shame, or tends to put him without the pale of social intercourse. White v. Birmingham Post Co., 233 Ala. 547, 172 So. 649; Marion v. Davis, 217 Ala. 16, 114 So. 357, 55 A.L.R. 171, and Iron Age Publishing Co. v. Crudup, 85 Ala. 519, 5 So. 332.

■ In determining their actionable character, the printed words are to be taken in their natural meaning, and according to the sense in which they appear to have been used and the idea they are adapted to convey to those who read them. A forced construction is not to be put upon them in order to relieve the defendant from liability, nor are they to be subjected to the critical analysis of a trained legal mind, but must be construed and determined by the natural and probable effect on the mind of the average lay reader. White v. Birmingham Post Co., supra.

Applying these principles to the alleged libelous words, we can find nothing in them which tends to bring appellant within the general definition quoted, supra. While the words on the sign are not exactly a neighborly gesture nor calculated to win friends, they are not libelous and the attempted innuendo did not make them so. It follows that the appellant was not entitled to recover.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.