108 So.2d 359

### Charles D. GRICE

v.

### Arthur A. HOLK et al.

I Div. 779.

Supreme Court of Alabama.

Jan. 15, 1959.

Thompson & White, Bay Minette, for appellant.

J. B. Blackburn, Bay Minette, for appellees.

STAKELY, Justice.

Charles D. Grice (appellant) filed this action against Arthur A. Holk and Baldwin Mutual Insurance Company, a corporation (appellees), for damages for libel. The complaint consists of one count which was amended several times. The court sustained the demurrer to the count as originally framed and to the count as subsequently amended, including the count as last amended. The appellant suffered a nonsuit and has appealed.

Error is assigned to the action of the court in sustaining the demurrer to the count as last amended.

In the appellant's complaint as last amended the letter which forms the basis of appellant's alleged cause of action is set out as follows:

"Baldwin Mutual Insurance
 Company, Inc.
 "Foley, Alabama
 "February 26, 1957

"Mr. & Mrs. Otis Smith
"Route 2, Box 184
"Theodore, Alabama

"Dear Mr. & Mrs. Smith:

"According to our records on October 31, 1956 we issued Baldwin Mutual Policy No. A36440–61 for $4,000 of insurance. To date we have not received premium of $26.40. If premium has been mailed to our office or paid to Mr. Charles D. Grice, please let us know; or mail check to keep insurance in force. If for any reason you do not care for insurance protection please return policy.

"We have cancelled Mr. Charles D. Grice's agency and we would like to know whether or not you have paid him for the above policy. Your answer will be appreciated.

"The State Farm Agency in Mobile is now representing us. If you have any problems concerning your policy feel free to call them to HEmlock 8–2564 and I know that they will give you the service you desire on your insurance protection or policies.

"We want to take this opportunity to thank you for your business and we are looking forward to your continued patronage.

 "Yours very truly,

 "Baldwin Mutual Insurance
 Co. Inc.
 "S/ Arthur A. Holk
 "By Arthur A. Holk
 "General Agent."

In addition to the letter the count contains several pages of allegation which we consider to be innuendo.

In § 222, Title 7, Code of 1940, it is provided, "No colloquium or innuendo is necessary in actions for defamation; it is sufficient to state in the complaint that the defendant falsely and maliciously charged the plaintiff with perjury, larceny, or other crime, or as the case may be, in substance as follows, setting it out."

We have in this state a number of cases dealing with this type of action and in passing on the count under consideration, we first express the view that the letter is not libelous per se. We do not think that there is anything in the letter which is per se

defamatory and on which the appellant can base his alleged cause of action.

 It is obvious that since the letter is not libelous per se the appellant, to aid his pleading and state his cause of action, attempts to resort to innuendo. In Meadors v. Haralson, 226 Ala. 413, 147 So. 184, 185, the pleader resorted to innuendo to state a cause of action, but in that case we pointed out that while the pleader may resort at times to innuendo to state a cause of action, the innuendo is but the deduction of the pleader. In that case the court said:

"In the case of Fitzpatrick v. Age-Herald Publishing Co., 184 Ala. 510, 63 So. 980, 981, 51 L.R.A.(N.S.) 401, Ann.Cas.1916B, 753, this court had occasion to make some observations as to the office of the innuendo in pleading, and which are here pertinent. In that case it is held that, unless the words published or spoken are fairly susceptible of the meaning attributed to them by the pleader in the innuendo, the actionable quality of the words is not disclosed, for the innuendo is but the deduction of the pleader. It is there said: 'The only office of the innuendo is to explain some matter already expressed, or to serve to point out where there is precedent matter. It may apply what is already expressed, but cannot add to, enlarge, or change the sense of the previous words. If the meaning given to the words by the innuendo is broader than the words would naturally bear, the pleading is bad, for, in law, the innuendo is but the deduction of the pleader from the words used in the publication, and this court has repeatedly held that it is for the court to say whether the meaning charged by the innuendo is supported by the language used in the publication. * * *.' "

In the recent case of McGraw v. Thomason, 265 Ala. 635, 93 So.2d 741, the pleader resorted to innuendo to state a cause of action but in that case we showed that while the pleader may resort at times to innuendo to state a cause of action, he cannot state the cause of action by the innuendo alone. In other words, in the instant case if the letter is not actionable it cannot be made so by innuendo because it is not the nature or purpose of an innuendo to state the cause of action. The only office of an innuendo is to explain some matter already expressed or point out where there is precedent matter. The innuendo may apply to what has already been expressed, as in this case the letter, but the innuendo cannot add to, enlarge or change the sense of the words in the letter without making the complaint demurrable.

 We do not think it is necessary to set out the lengthy pleadings in this case. Suffice it to say that in the innuendo the plaintiff has sought to place his construction on the letter, which is in substance that plaintiff is a crook, and not to be trusted and if Otis Smith has paid the premium for the policy named in the letter to the plaintiff, plaintiff has embezzled such payment. This construction is much broader than the letter will bear and hence the complaint as last amended fails to state a cause of action and is demurrable. McGraw v. Thomason, supra; Myers v. Mobile Press-Register, Inc., 266 Ala. 508, 512, 97 So.2d 819.

We consider that the court acted correctly in sustaining the demurrer to the count as last amended and its action is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.