325 So.2d 137

**Ralph LOVELESS**

v.

**Charles GRADDICK et al., etc.**

**SC 1307.**

Supreme Court of Alabama.

Dec. 4, 1975.

Wilkins & Druhan and Michael A. Wermuth, Mobile, for appellees.

Cunningham, Bounds & Byrd and John T. Crowder, Jr., Mobile, for appellant.

BLOODWORTH, Justice.

This is an appeal from a summary judgment granted the defendants in an action of libel.

Plaintiff Loveless and defendant Graddick were both candidates for the office of District Attorney of Mobile County in the general election held November 5, 1974.[1] On October 22, 1974, plaintiff sued defendants Graddick, M. Rout Hudson and certain fictitious persons for libel claiming $100,000 damages. The complaint charged that defendants falsely and maliciously published, or caused to be published, an advertisement in THE MOBILE PRESS REGISTER on Sunday, October 13, 1974, of and concerning the plaintiff, and with intent to defame plaintiff, the following part of said ad being in large, conspicuous print:

"RALPH LOVELESS CANDIDATE
FOR DISTRICT ATTORNEY
FACES FRAUD CHARGES!"

"The voters of Mobile County should insist that Loveless withdraw from the race."

"Pd. Pol. Adv. by M. Rout Hudson, Mobile, Ala."

A copy of the entire article is attached to the complaint. A copy hereinafter appears.

Plaintiff alleges that the article *by innuendo* stated plaintiff was facing criminal prosecution for fraud, which statement was and is false. Plaintiff further avers "That the natural and probable implication from the article in the minds of the average lay

---

1. Graddick was the successful candidate.

reader was that the Plaintiff was presently being prosecuted for criminal fraud which was and is false." Then follow averments of damage to reputation and standing in the community, etc. The advertisement is as follows:

A motion for leave to depose defendant Graddick before the election was denied. [Graddick's deposition was ultimately taken January 21, 1975.] Graddick's motion to dismiss the complaint was likewise denied. After several requests for admissions by defendants and answers thereto by plaintiff, defendants filed answer: denying the article is libelous per se or per quod; pleading truth as a defense; pleading privilege; and, pleading the absence of malice within the ambit of *New York Times v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L. Ed.2d 686, 95 A.L.R.2d 1412 (1964). The defendants moved for summary judgment. A response to the motion for summary judgment was filed by plaintiff.

On April 11, 1975, motion for summary judgment was granted and the complaint dismissed with prejudice. Hence, this appeal.

The motion for summary judgment is supported by pleadings and exhibits, requests for admissions and answers thereto, deposition of defendant Graddick, an affidavit by Graddick and an affidavit by plaintiff Loveless.

From these documents it appears that defendant Graddick: does not recall who requested information regarding the suit from the Chattanooga, Tennessee, Chancery Court; denies he was concerned that the article was libelous but admits that he consulted with five lawyers before running it; states he had no knowledge of any pending criminal charges of fraud against plaintiff; states he doesn't know if the charges are true or not—all he knows is that the charges are presently pending; states he left it to the voters to decide on November 5th (the election date) whether they thought plaintiff should withdraw from the race by voting for him (Graddick); denies that he intended to imply that plaintiff had done something wrong; states it did not occur to him that lay people would read the headlines and get the idea that plaintiff was facing criminal fraud charges; denies intending to hurt

plaintiff by publishing the article; states he published it "to inform the people of Mobile County of the man's situation in Tennessee, going toward, again, his integrity"; states he had no knowledge that any information contained in the ad was false; states he published the ad in good faith solely to inform the electorate of the background of one of its candidates.

It further appears from the admissions of fact: that the paragraph in the complaint "7 Alabamians are Defendants in Civil Suit" and photocopy of such article is a genuine photocopy of an article appearing in THE MOBILE PRESS-REGISTER on March 23, 1972; that the plaintiff was a party cross-defendant in the suit in Chancery Court in Chattanooga, Tennessee, and, that the "Amendment to Cross-claim," in that suit, alleges, inter alia, that plaintiff and certain others had perpetrated a fraud upon the cross-plaintiff in the suit.

Plaintiff-Loveless contends on this appeal that the trial judge erred in granting summary judgment because:

First, there is a genuine issue as to a material fact—namely, the *interpretation* to be placed on the "headline" and the entire article by the average lay reader as to whether it imports a criminal charge of fraud;

Second, there is a genuine issue as to a material fact—whether the article is *true* in "all material respects since the headline, and the article as a whole, may be said to impute" that Loveless was facing criminal fraud charges;

Third, the "privilege" of *New York Times v. Sullivan* would be inapplicable if plaintiff-Loveless had been permitted to show "actual malice" to the jury and granting summary judgment is inappropriate to dispose of these issues.

Defendants-Graddick and Hudson answer these contentions, thusly:

First, "truth" is a complete defense. All the documents reveal that all the material

which went into the ad was, in fact, true—nothing implied Loveless was facing criminal charges—Loveless himself admitted being a defendant in the pending lawsuit wherein he, and others, were charged with fraud—thus, there was no genuine issue as to any material fact;

Second, the ad showed on its face that the charges were *"civil"* and Loveless cannot enlarge on the plain meaning of the words, by innuendo or implication, beyond their natural and obvious import;

Third, there is the issue of the constitutional "privilege" under *New York Times v. Sullivan.* Loveless and Graddick were candidates for District Attorney, and as such, fall within the ambit of the "Times Rule" that public officials cannot recover for libel unless proof is offered that the publication was made with "actual malice"—"that is, with knowledge that it was false or with reckless disregard of whether it was false or not." It is contended by defendants—Graddick and Hudson that all the evidence offered on summary judgment is uncontradicted and is to the effect that defendants neither knew that any of the matter published was false nor did they recklessly disregard any matter of fact coming to their attention concerning the material used in the ad. Defendants conclude that there is not a scintilla of evidence to warrant the case going to a jury.

Having set out the contentions of the parties, we move to consider the fundamental issue presented to us by this appeal as to whether there is a genuine issue as to any material fact under Rule 56, A.R.C.P., Summary Judgment. Put differently, was summary judgment appropriate?

In order to determine this issue we must first consider the following threshold questions.

First, may the ad be said to "impute" criminal fraud, and, if so, is there then presented a genuine issue on any material fact?

Second, assuming, arguendo, that the ad does impute criminal fraud, nevertheless, does this case fall within the "privilege" of *New York Times v. Sullivan* and, absent an allegation or showing of actual malice, is there then presented a genuine issue as to any material fact?

It is appropriate that we set out those basic principles which govern us in our review of the granting of summary judgment.

■ The party moving for summary judgment must clearly show, i.e., has the burden to show, that the other party could not recover "under any discernible circumstances." *Folmar v. Montgomery Fair Company, Inc.,* 293 Ala. 686, 309 So.2d 818 (1975); see also, *Ray v. Midfield Park, Inc.,* 293 Ala. 609, 308 So.2d 686 (1975).

■ A motion for summary judgment may be granted only when there is no genuine issue as to a material fact and the movant is entitled to judgment as a matter of law. *Birmingham Television Corporation v. Water Works,* 292 Ala. 147, 290 So.2d 636 (1974).

■ The moving party has "the burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material it lodged must be viewed in the light most favorable to the opposing party." *Adickes v. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

■ Likewise, we consider the "Scintilla Rule" in connection with summary judgment. We held in *Folmar v. Montgomery Fair Company, Inc.,* supra, that if there is a scintilla of evidence produced in plaintiff's favor on the issue of defendant's negligence, then summary judgment will not lie. As the majority of this Court pointed out therein, the plaintiff might escape having summary judgment rendered against him, yet still suffer the ignomy of defeat by way of directed verdict.

█ To return now to the question first posed as to whether summary judgment was appropriate, we answer in the negative. We are convinced that there are two genuine issues of material fact: first, whether the ad may be said to charge criminal fraud; and, second, whether, assuming the applicability of the *Times Rule*, there is a sufficient showing of "actual malice."

█ It seems to be the general rule that the test to be applied in determining the defamatory nature of an imputation is that meaning which "would be ascribed to the language by a reader or listener of ordinary or average intelligence, or by a 'common mind'." 50 Am.Jur.2d Libel and Slander § 138. Thus, in construing newspaper ads it "must be construed in the sense which readers of common and reasonable understanding would ascribe to it." 50 Am.Jur. Libel and Slander, supra.

Other authorities state, viz:

"Words should be construed according to their plain and obvious meaning. The construction a court should adopt is to be derived from the expressions used, as from the whole scope and apparent object of the writer. It is the manner in which they will be most probably understood. Words are to be understood in their plain and popular sense, in court as elsewhere. Words are to be construed as understood by mankind in general, in their ordinary meaning. The language of the alleged libel is to be understood as used in the ordinary and most natural sense. [Footnotes omitted.]"

§ 159 *The Law of Libel and Slander in the State of New York*, Seelman, Vol. 1.

The same general rule has been the rule of our cases. In *McGraw v. Thomason*, 265 Ala. 635, 93 So.2d 741 (1957), this Court held:

"In determining their actionable character, the printed words are to be taken in their natural meaning, and according to the sense in which they appear to have been used and the idea they are adapted to convey to those who read them. A forced construction is not to be put upon them in order to relieve the defendant from liability, nor are they to be subjected to the critical analysis of a trained legal mind, but must be construed and determined by the natural and probable effect on the mind of the average lay reader.

\* \* \* \* \* \* "

"Fraud" is defined in the dictionary as "an instance or act of trickery or deceit \* \* \* the quality of being deceitful \* \* \* etc." *Webster's Third New International Dictionary* [G. & C. Merriam Company, Publishers.]

Taking the ad as a whole, the headline, the news stories, and the imperative conclusion, and in light of the authorities, this Court, after mature consultation, considers that a genuine issue of a material fact was presented as to whether the words of the ad impute criminal fraud, taking them "in their natural meaning, and according to the sense in which they appear to have been used and the idea they are adapted to convey to those who read them." *McGraw v. Thomason*, supra. To say more might jeopardize this cause on remand.

Moving now to the *Times* question, we have stated that we consider the question of "actual malice" presents a genuine issue as to a material fact.

█ The *Times* privilege is, of course, conditional not absolute, and damages may be recovered upon proof of "actual malice." Actual malice is defined in *N.Y. Times v. Sullivan*: "with knowledge that it was false or with reckless disregard of whether it was false or not."

█ We have carefully reviewed and re-reviewed the documents submitted on

summary judgment and must agree with the U.S. District Court in *Goldwater v. Ginzburg*, D.C., 261 F.Supp. 784 (1966), aff'd 2 Cir., 414 F.2d 324, *cert. denied*, 396 U.S. 1049, 90 S.Ct. 701, 24 L.Ed.2d 695 that:

"The issue of actual malice on the part of defendants seems peculiarly inappropriate for disposition by summary judgment because it concerns 'motive, intent, and subjective feelings and reactions'."

Again, as we heretofore expressed ourselves with respect to the first issue—fraud—we would run the risk of jeopardizing this cause on remand to add anything more with respect to this issue.

We will say that there may be circumstances when a summary judgment is entirely appropriate in a libel action; for example, in a case of "absolute privilege." See *Sheridan v. Crisona*, 14 N.Y.2d 108, 249 N.Y.S.2d 161, 198 N.E.2d 359 (1964). Or, perhaps, in a case of "qualified privilege" where no proof of malice is shown, see *Shapiro v. Health Ins. Plan of Greater N.Y.*, 7 N.Y.2d 56, 194 N.Y.S.2d 509, 163 N.E.2d 333 (1959).

We look with favor on a statement of the Fifth Circuit Court of Appeals to the effect that "summary judgment should be granted only when it is quite clear what the truth is." *Croley v. Matson Navigation Company*, 434 F.2d 73 (1970). It is not quite clear to us what the truth is here, for, as we have heretofore indicated, issues of material fact remain for resolution at trial.

Accordingly, we find the summary judgment to be premature.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, FAULKNER, JONES, ALMON, SHORES and EMBRY, JJ., concur.