EDWARD N. SCRUGGS, Retired Circuit Judge.
A summary judgment was rendered in favor of the defendants and the plaintiff appeals.
The plaintiffs complaint against the defendants, an insuror and its agent, alleged that they “negligently failed to provide collision coverage” upon one of the plaintiff’s antique automobiles which was subsequently wrecked. After discovery was apparently completed, the defendants moved for a summary judgment and it was granted by the trial court.
The parties agree as to the applicable law. A motion for a summary judgment may be granted only when there is no genuine issue as to a material fact and the movant is entitled to a judgment as a matter of law. The party moving for a summary judgment has the burden of showing that the other party could not recover under any discernible circumstances. If there was a scintilla of evidence produced in the plaintiffs favor upon the issue of the defendants’ negligence, the summary judgment should not have been granted. Butler v. Michigan Mutual Insurance Co., 402 So.2d 949 (Ala.1981); Loveless v. Graddick, 295 Ala. 142, 325 So.2d 137 (1975).
The plaintiff contends that evidence was produced concerning a genuine issue as to a material fact. We have diligently searched and studied the affidavits submitted on behalf of each side, the plaintiff’s deposition and the defendants’ answers to the plaintiff’s interrogatories. Those writings composed all of the evidence which the trial court had before it. We affirm.
The defendants’ employee, who took the plaintiff’s application for insurance, swore in her affidavit that, when the application was being prepared pursuant to the plaintiff’s instructions, “he told me that all he wanted was comprehensive coverage.... ” The plaintiff’s affidavit states that he “never advised her that I did not want ... collision coverage .... ” Thus, there is a controversy or dispute presented by the two affidavits as to whether the plaintiff told the defendants’ employees that he did not want collision coverage. However, no evidence was before the trial court that the plaintiff in any manner informed the defendants that he did desire such coverage. Admittedly, the application for insurance upon the vehicle in question was signed by the plaintiff. It provided only for comprehensive coverage.
The plaintiff’s deposition reveals that he had an undisclosed intent that the defendants provide collision insurance upon the vehicle, but at no time was that intent expressly, impliedly, directly or indirectly made known to the defendants.
There was no evidence before the trial court giving rise to a duty by the defendants to furnish collision coverage. Therefore, the defendants met the burden cast upon them and they were entitled to a judgment as a matter of law as to their alleged negligent failure to provide collision insurance. The plaintiff does not contend that he could recover for a breach of contract.
The trial court correctly rendered the summary judgment in the defendants’ favor.
*1316 The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.