This is an appeal by plaintiff, Betty Tidwell, from a judgment for defendant, Winn-Dixie, Inc., in plaintiff's action based upon malicious prosecution and defamation. We affirm.
The action arose out of an incident at a Winn-Dixie grocery store. Plaintiff's husband had appealed a workmen's compensation claim against Winn-Dixie. Plaintiff discovered that her husband's appeal had been dismissed. Plaintiff became upset and went to the grocery store where her husband had worked. When she arrived, she telephoned a local television station and requested that it send someone to the store, "because there might be some trouble" and also because she wanted to publicize how unfair Winn-Dixie had been to her husband.
Following this telephone call, plaintiff selected a shopping cart and proceeded to fill it with groceries. As she did this, she spoke to several customers, telling them "that justice was not made and that how unfair Winn-Dixie had been." She then took the filled grocery cart and, instead of *Page 748 
going through the checkout stand, took the cart around it. At that point, the assistant store manager came out of his office and told her that she would have to pay for the groceries. She replied that she did not have the money for them. (Actually, she had $200 in her bank account and a bank check in her possession.) She stated that she would "sign a ticket and you can deduct that from what you owe my husband, you owe him a lot more than what you pay him." The assistant manager replied that the company could not do that.
The assistant store manager telephoned the police and, a short time later, a patrolman arrived. Mrs. Tidwell was arrested and taken to jail. A warrant for her arrest was issued shortly thereafter. She was bound over for grand jury action, indicted, and convicted of disturbing the peace. Her sentence of thirty days in jail was suspended for two years.
Subsequently, Mrs. Tidwell brought this action for malicious prosecution and defamation by slander. At the close of plaintiff's evidence at the trial, the court granted defendant's motion for a directed verdict as to both counts and entered judgment for the defendant. This appeal ensued.
Plaintiff concedes the correctness of the trial court's order granting the motion against the malicious prosecution count; hence, this Court does not address that issue. However, plaintiff insists that a scintilla of evidence was presented on the elements of slander which should have prevented a directed verdict on that count.
The plaintiff argues that the statement made by the assistant manager of the Winn-Dixie store to the arresting officer,i.e., "that she had passed the register and she did not pay for the groceries that she had," was defamatory and actionable. We disagree.
Mrs. Tidwell herself testified that she did not pay for the groceries. The statement in issue, therefore, was not false — it was true. The first element of a cause of action in defamation is a false statement. Mead Corp. v. Hicks,448 So.2d 308 (Ala. 1983).
Moreover, the store manager's statement to the police officer could have been found to be within his conditional privilege. This Court discussed the scope of the conditional privilege inFulton v. Advertiser Co., 388 So.2d 533, 537 (Ala. 1980):
 "'"Where a party makes a communication, and such communication is prompted by duty owed either to the public or to a third party, or the communication is one in which the party has an interest, and it is made to another having a corresponding interest, the communication is privileged, if made in good faith and without actual malice. * * * The duty under which the party is privileged to make the communication need not be one having the force of legal obligation, but it is sufficient if it is social or moral in its nature and defendant in good faith believes he is acting in pursuance thereof, although in fact he is mistaken."'
"Willis v. Demopolis Nursing Home, Inc., 336 So.2d 1117 (Ala. 1976), quoting Berry v. City of New York Ins. Co., 210 Ala. 369,98 So. 290 (1923).
 " 'The question of whether a communication is privileged by reason of its character or the occasion on which it was made is a question of law for the judge.'
"Willis, supra."
Considering the circumstances existing at the time the statement was made, the trial court could have, indeed, must have, found it conditionally privileged, calling then for proof by plaintiff of actual malice on the part of the store manager.Willis, supra. But, there was a complete absence of any such proof. The manager uttered no abusive or violent language, nor did the evidence disclose that he either entertained or demonstrated any ill will or animosity toward her. Consequently, there was no proof whatever of actual malice.
For these reasons, we conclude that the trial court was not in error in granting the *Page 749 
defendant's motion for a directed verdict against the defamation count.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.