This is an appeal from a summary judgment entered in favor of the Mobile Press Register, Inc. (hereinafter "Press Register"). The trial court found appellant, John White, to be a limited-purpose public figure and held that he had failed to defeat the defendant's motion for summary judgment by establishing, by clear and convincing evidence, that the allegedly libelous material was published by the Press Register with actual malice. We affirm.
White is a former regional administrator of the Environmental Protection Agency (hereinafter "E.P.A."). Soon after his retirement from E.P.A., White became an officer in Environmental Pollution Control, Inc., Environmental Planning and Development Corporation, and Environmental Development Systems, Inc. All three companies were involved in the transportation of hazardous waste.
On January 15, 1984, the Press Register published an article on hazardous waste in Alabama. A portion of the article reported that a shipment of cyanide sludge had disappeared while being transported to the waste disposal site in Emelle, Alabama. The article also included a remark from White, who was a principal of the company responsible for the shipment. White was quoted as saying, "We never had a load rejected. . . . They disposed of everything we took there."
On January 18, 1984, the Press Register ran a headline declaring "Missing Cyanide Sludge Found"; in the accompanying article, it was stated that the shipment had been located. The article related that a "waste stream," not a shipment, had been rejected. A "waste stream," it explained, consists of waste samples and a waste profile sheet. This information is supplied by the generator of the waste so that the disposer can determine whether to accept a particular waste shipment. The second article stated that White had said that Chemical Waste Management (the company managing the waste disposal site at Emelle) had never rejected a shipment from one of his companies.
The second article clarified that the sludge, from which the rejected samples were taken, was treated by Teledyne Corporation, the generator, after the samples were rejected. When the cyanide content was sufficiently reduced, the sludge was sent to Emelle, where it was accepted for disposal.
The reporter for these articles was Debbie Breland. She obtained her information from Buddy Cox, Chief of Hazardous and Industrial Wastes for the Alabama Department of Environmental Management, the agency responsible for the management of such waste in Alabama. Breland asserts that, to the best of her knowledge, she reported the facts as they were related to her by Cox. Cox, in his deposition, testified that he could not remember the details of his conversations with Breland. He stated to White that prior to the publication of the first article, he felt Breland was somewhat confused about the facts, though he did not tell her so. After the first *Page 904 
article was released, Cox talked to Breland again, and the January 18 article followed.
White asserts that he told Breland to check her facts before she published the first story, and that she failed to do so. Breland does not deny this allegation, stating that she had felt comfortable with what Cox had related to her. White further contends that, since this was not a "hot story," Breland should have checked her facts more carefully, and that her actions amounted to malice or reckless disregard for the truth.
White's prior association with E.P.A., and his choice of a career as a high level executive in an industry that is the subject of much public interest and concern show a voluntary decision to place himself in a situation where there was a likelihood of public controversy. His action invited attention and comment. The court determines as a matter of law whether an individual is a public figure. MobilePress Register, Inc. v. Faulkner, 372 So.2d 1282 (Ala. 1979). White's actions were sufficient to support a finding that White is a limited-purpose public figure. See Gertzv. Welch, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789
(1974).
Once it is determined that a plaintiff is a public figure, then any publication that allegedly had libeled the plaintiff must be shown to have been produced with actual malice.New York Times Co. v. Sullivan, 376 U.S. 254,84 S.Ct. 710, 11 L.Ed.2d 686 (1964). In ruling on a summary judgment in a libel action involving a public figure, the standard for the trial judge to apply is whether the plaintiff has shown, by clear and convincing evidence, that the defendant acted with actual malice. Bose Corp. v.Consumers Union of United States, Inc., 466 U.S. 485,104 S.Ct. 1949, 80 L.Ed.2d 502 (1984), Anderson v.Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505,91 L.Ed.2d 202 (1986). This Court has held, in view ofBose, "that for purposes of trial motions, post-trial motions, and appellate review in a libel case involving . . . a public figure actual malice must be shown by clear and convincing evidence." Pemberton v.Birmingham News Co., 482 So.2d 257, 260 (Ala. 1985). The requirement of showing actual malice by clear and convincing evidence rests with the public-figure plaintiff after the defendant produces evidence in support of its motion for summary judgment. Cousins v. T.G. Y. Stores Co.,514 So.2d 904 (Ala. 1987).
In this case, the Press Register supported its motion for summary judgment by the depositions of White, Cox and Breland. This evidence, at most, indicates that Breland was possibly negligent in reporting the story of a "lost" shipment.
White's evidence in opposition to the motion failed to produce clear and convincing evidence from which a factfinder could conclude that the Press Register acted with malice in reporting the incident. See Garrison v. Louisiana,379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964), St.Amant v. Thompson, 390 U.S. 727, 88 S.Ct. 1323,20 L.Ed.2d 262 (1968).
We are persuaded that White is a limited-purpose public figure within the sphere covered by the allegedly libelous publication. As such, he is required to produce clear and convincing evidence from which a jury could conclude that the Press Register acted with actual malice in publishing the allegedly libelous statement. This he has failed to do. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.