This is an appeal by the plaintiff, Penton Cousins, from a summary judgment for the defendants, T.G. Y. Stores Company and its employee, Patrick Cleveland, in the plaintiff's action for slander. We reverse.
This action arose out of an incident at a T.G. Y. store. The plaintiff had gone to the store to purchase some foam rubber insulation to be used for weather stripping. The plaintiff's wife had previously purchased such insulation from the store, and the plaintiff took with him a remnant of this previous purchase to ensure that he bought the correct item. After an unsuccessful search for the insulation, which was apparently out of stock, the plaintiff left the store, carrying with him the remnant he had brought to the store.
Upon reaching his truck in the parking lot, a T.G. Y. employee — Patrick Cleveland, the codefendant in this action — accosted the plaintiff and asked whether he had paid for the remnant. The plaintiff responded that he had not. Cleveland then instructed the plaintiff to return to the store, where he was led to the manager's counter. There, Cleveland stated, "This man took that package out of the store and didn't pay for it," or, "This man went out and didn't pay for this package," or words to that effect. The plaintiff alleges that this utterance was a slanderous accusation of theft, and he argues that the trial court erred when it granted a summary judgment in favor of the defendants.
The trial court, on the basis of the record before us on this appeal, granted summary judgment on one or both of two possible theories: 1) that the utterance was protected by a conditional privilege, and 2) that the plaintiff had failed to present evidence of damages in light of defendants' evidence. We will discuss the trial court's error on both of these matters in turn.
The plaintiff does not challenge the general proposition that a store employee has a conditional privilege to report a shoplifting *Page 906 
suspect to the appropriate third parties, and any doubt regarding this issue has been resolved by the recent case ofTidwell v. Winn-Dixie, Inc., 502 So.2d 747 (Ala. 1987). In that case we approved the trial court's apparent finding that a conditional privilege attached to a store employee's report of a shoplifting suspect under the principles established for such a privilege in Fulton v.Advertiser Co., 388 So.2d 533 (Ala. 1980), cert.denied, 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 and449 U.S. 1131, 101 S.Ct. 954, 67 L.Ed.2d 119 (1981). Consequently, we have no doubt that the utterances by codefendant Cleveland met at least the threshold requirements for the protection of a qualified or conditional privilege.
A finding that a qualified or conditional privilege applies, however, does not end the inquiry:
 "In Alabama, where a communication concerning a private person is protected by a qualified or conditional privilege, such a person cannot recover in a defamation action unless that person can show that the communication was made with actual or common law malice (shown by evidence of previous ill will, hostility, threats, other actions, former libels or slanders, and the like, emanating from the defendant, or by the violence of the defendant's language, the mode and extent of the publication, and the like). Mead Corp. v. Hicks, 448 So.2d 308 (Ala. 1983); Fulton v. Advertiser Co., 388 So.2d 533
(Ala. 1980), cert. denied, 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981); Kenney v. Gurley, 208 Ala. 623, 95 So. 34 (1923)."
Wilson v. Birmingham Post Co., 482 So.2d 1209 (Ala. 1986).[1]
We find that the evidence of "the mode and extent of the publication" in this case included a scintilla of evidence that malice accompanied the communication. In particular, we note that the evidence could support the inference that Cleveland made the statement in a voice louder than necessary to communicate the suspected theft to the store management or to the appropriate public authorities. Evidence suggests that an estimated 40 or 50 Christmas shoppers overheard the communication that plaintiff contends is an accusation of theft. Aside from the fact that the volume of the communication itself might be evidence of malice, seeLewis v. Ritch, 417 So.2d 210, 212 (Ala.Civ.App. 1982), evidence of the overly extensive nature of the communication itself presents a scintilla of evidence that malice accompanied the utterance. In light of this evidence and the fact that the determination of malice in defamation cases is particularly within the province of the jury, seeLoveless v. Graddick, 295 Ala. 142, 325 So.2d 137
(1975), we hold that summary judgment on this issue was improper.[2]
We reach a similar conclusion with regard to the issue of damages. In Beneficial Management Corp. of America v.Evans, 421 So.2d 92 (Ala. 1982), we held that proof of actual injury was required in most defamation cases, rejecting the common law notion of defamation perse, that is, the idea that some forms of defamation require no proof of injury because injury is presumed to flow from the publication of the defamatory statement. We reached this conclusion because we interpreted Gertz v. RobertWelch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789
(1974), to require such evidence as a matter of constitutional law. Accordingly, " '[i]t is necessary to restrict defamation plaintiffs who do not prove knowledge of falsity or reckless disregard for the truth [i.e., "malice" as defined by New York Times Co. v. Sullivan,376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964)] to compensation for actual injury.' " Beneficial ManagementCorp. of America v. Evans, *Page 907 
421 So.2d at 96 (quoting Gertz v. Robert Welch, Inc.,supra).[3]
Even if we assume that there was no Sullivan
malice shown in this case, a question we do not decide, there is a scintilla of evidence of compensable injury in the record before us, so that summary judgment is precluded. The record reveals that the plaintiff testified that he had been exposed to public ridicule, as manifested by jokes and other comments from acquaintances, that he had suffered mental anguish, and that he had visited his doctor because of physical problems resulting from the alleged slander. We think that this evidence presents at least a scintilla of evidence of "actual injury" as it is recognized by the controlling cases. " 'Suffice it to say that actualinjury is not limited to out-of-pocket loss. Indeed, the more customary types of actual harm inflicted by defamatory falsehood include impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering.' " Beneficial Management Corp. of America v.Evans, 421 So.2d at 96 (quoting Gertz v. RobertWelch, Inc., supra). Accordingly, the grant of a summary judgment on this issue was also improper.
Finally, we note that the defendants have interposed on this appeal the argument that the statement Cleveland made was true and thus not defamatory. The defendants argue in their brief that, while this issue does not appear on the face of the record, the issue was considered by the trial court on the motion for summary judgment. We are not persuaded to consider this argument. "On appeal from the granting of a summary judgment, this court is limited to a review of the record alone, and the record cannot be modified or altered by statements in briefs of counsel, nor by affidavits or other evidence not properly submitted."Barnes v. Liberty Mutual Insurance Co.,472 So.2d 1041, 1042 (Ala. 1985).
The summary judgment is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
JONES, SHORES, ADAMS, and HOUSTON, JJ., concur.
[1] The "actual or common law" malice that must be shown by private-figure plaintiffs to overcome a qualified or conditional privilege is to be distinguished from the "actual malice" required in cases of the defamation of public figures and set forth in New York Times Co. v. Sullivan,376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). See Fultonv. Advertiser Co., 388 So.2d 533 (Ala. 1980).
[2] Our decision in White v. Mobile Press Register,Inc., 514 So.2d 902 (Ala. 1987), is not in conflict with this holding because White involves actual malice as opposed to common law malice.
[3] The United States Supreme Court has recently clarified the law in regard to presumed and punitive damages in defamation cases involving private figure plaintiffs and matters not of public concern. In Dun Bradstreet, Inc.v. Greenmoss Builders, 472 U.S. 749, 105 S.Ct. 2939,86 L.Ed.2d 593 (1985), the Court held that the state's interest in protecting the reputation of private figures in such circumstances outweighed First Amendment free speech values, so that "the state interest adequately supports awards of presumed and punitive damages — even absent a showing of 'actual malice.' " Id. at 761, 105 S.Ct. at 2946. In short, the constitutional constraints that we had previously found in the First Amendment as a result ofGertz do not in fact exist in cases of defamation of private figure plaintiffs on matters not of public concern. Consequently, the question arises as to whether the common law rule of defamation per se (requiring no proof of injury) ought to be revitalized in those cases within the fact patterns contemplated by Dun Bradstreet.
None of the parties raises this precise issue in this case, however, nor is its resolution necessary for a disposition of this case. Accordingly, we leave the question of the status of common law presumed damages for later decision.