The plaintiff, Arthur v. Deutcsh, appeals from a summary judgment in favor of the defendant, the Birmingham Post Company (publisher of the Post-Herald newspaper and hereinafter referred to as "the Post-Herald").
The issue is whether, in opposition to the Post-Herald's summary judgment motion, Deutcsh presented clear and convincing evidence of actual malice on the part of the Post-Herald.
Deutcsh was hired in 1981 to be the police chief of the City of Birmingham. Deutcsh claimed that the Post-Herald libeled him in 37 newspaper articles. In his complaint against the Post-Herald, Deutcsh claimed that the newspaper acted as a "publicity agent and publicity organ for certain officers of the Fraternal Order of Police in an effort to legitimatize the effort of the said officers of the Fraternal *Page 911 
Order of Police to dispose of the plaintiff as Police Chief of the City of Birmingham." (C.R. 3.)
In his brief, Deutcsh claims that specific statements in the following 13 articles and editorials are libelous: (1) an editorial entitled "Deutcsh's moving bill," dated January 12, 1984; (2) an editorial entitled "The Deutcsh predicament," dated January 13, 1984; (3) an article entitled "Public outcry spurs council to action," dated February 1, 1984; (4) an editorial entitled "An out-of-control police chief," dated February 10, 1984; (5) an article entitled "Deutcsh on defense — Chief praises city's crime stats while attacking media coverage," dated May 1, 1984; (6) an article entitled "Federal judge hands Birmingham $3,607 bill for police chief's move," dated May 23, 1984; (7) an editorial entitled "Check previous list before buying gifts," dated June 21, 1984; (8) an article entitled "Suspect in '83 slaying captured in R.I.," dated August 18, 1984; (9) an article entitled "Lowe tells of fear of death," dated August 20, 1984; (10) an article entitled "Cash gap grows; Deutcsh had warning," dated September 8, 1984; (11) an editorial entitled "Deutcsh and missing money," dated September 14, 1984; (12) an editorial entitled "No confidence in Deutcsh," dated October 10, 1984; and (13) an editorial entitled "Arthur Deutcsh — The problem persists," dated February 15, 1985.
Although Deutcsh's complaint and the amendments to his complaint mention more articles and allege specific statements of libel other than those alleged to be in the 13 articles listed above, Deutcsh did not discuss them in his brief. Therefore, we have no choice but to deem any claims of libel based on those omitted articles to be waived. Issues not argued in appellate brief are waived. Bogle v. Scheer, 512 So.2d 1336
(Ala. 1987); Barrett v. Farmers Merchants Bank of Piedmont,451 So.2d 257 (Ala. 1984); Humane Soc. of Marshall County v.Adams, 439 So.2d 150 (Ala. 1983). In determining whether the summary judgment was proper, our review is limited to the libel claims discussed in Deutcsh's brief.[1]
Deutcsh contends that the summary judgment was inappropriate because, he says, the articles published by the PostHerald contained clear and convincing evidence of libel. We disagree.
 "The constitutional guarantees [of the First and Fourteenth Amendments] require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice' — that is, with knowledge that it was false or with reckless disregard of whether it was false or not."
New York Times Co. v. Sullivan, 376 U.S. 254, 279-80,84 S.Ct. 710, 725-26, 11 L.Ed.2d 686 (1964). The public official must present "clear and convincing proof" of actual malice.Milkovich v. Lorain Journal Co., 497 U.S. 1, 110 S.Ct. 2695,111 L.Ed.2d 1 (1990); Philadelphia Newspapers, Inc. v. Hepps,475 U.S. 767, 106 S.Ct. 1558, 89 L.Ed.2d 783 (1986); Gertz v.Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789
(1974).
 " '[R]eckless conduct is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing. There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication. Publishing with such doubts shows reckless disregard for truth or falsity and demonstrates actual malice.' "
Pemberton v. Birmingham News Co., 482 So.2d 257, 264 (Ala. 1985), citing St. Amant v. Thompson, 390 U.S. 727, 731,88 S.Ct. 1323, 1325, 20 L.Ed.2d 262 (1968). If the published statements are true, there is no actionable cause for libel.Pemberton, 482 So.2d at 264.
 "Where a statement of 'opinion' on a matter of public concern reasonably implies *Page 912 
false and defamatory facts regarding public figures or officials, those individuals must show that such statements were made with knowledge of their false implications or with reckless disregard of their truth."
Milkovich, 497 U.S. at ___, 110 S.Ct. at 2707.
"[A] statement of opinion relating to matters of public concern which does not contain a provably false factual connotation will receive full constitutional protection."Milkovich, 497 U.S. at ___, 110 S.Ct. at 2706, citing Hepps,475 U.S. 767, 106 S.Ct. 1558. "Imaginative expression" and "the rhetorical hyperbole" traditionally used in public debate are protected. Milkovich, citing Hustler Magazine, Inc. v. Falwell,485 U.S. 46, 50, 108 S.Ct. 876, 879, 99 L.Ed.2d 41 (1988).
"In ruling on a summary judgment in a libel action involving a public figure, the standard for the trial judge to apply is whether the plaintiff has shown, by clear and convincing evidence, that the defendant acted with actual malice."White v. Mobile Press Register, Inc., 514 So.2d 902, 904 (Ala. 1987), citing Bose Corp. v. Consumers Union of the UnitedStates, Inc., 466 U.S. 485, 104 S.Ct. 1949, 80 L.Ed.2d 502
(1984), and Anderson v. Liberty Lobby, Inc., 477 U.S. 242,106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
Deutcsh was required to present clear and convincing evidence from which a jury could conclude that the Post-Herald made false and defamatory statements about him and that the statements were published with actual malice, once the Post-Herald had made its prima facie showing to the contrary. To show actual malice, Deutsch had to present clear and convincing evidence that the Post-Herald had made the statements with knowledge that the statements were false or with a reckless disregard for whether they were false.
We have thoroughly reviewed the 13 articles. Viewing the evidence in a light most favorable to Deutcsh, we find no clear and convincing evidence of libel in any of the statements in the articles. Deutcsh failed to present evidence that the statements in the non-editorial articles were false and defamatory or that they were published with actual malice. Deutcsh failed to show that any of the statements of public concern in the editorials contained a provably false factual connotation. Also, Deutcsh failed to show that the Post-Herald had knowledge that any statements contained in the editorials were false or that the Post-Herald showed a reckless disregard as to whether the statements were false. Although many of the editorials are extremely critical of Deutcsh as police chief, mere criticism without the proof of actual malice is not actionable. See, Sullivan; Milkovich.
Based on the foregoing, the summary judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] Deutcsh mentions 14 headlines or portions of headlines in his brief that he claims are libelous. However, some of the headlines are not listed in his complaint and he does not discuss any of the headlines in his brief.