I concur in the result reached by the main opinion.[5]
I do not fully concur in the analysis of the main opinion because I believe the next to last paragraph of the portion of the trial court's judgment quoted in the main opinion indicates that the trial judge in this case made a determination as to whether the plaintiff, Lt. Gary, had proven by clear and convincing evidence that Chief of Police Richard Crouch acted with constitutional malice. The "clear-and-convincing-evidence" standard, however, is the standard ultimately to be applied at trial by the fact-finder in this case, just as the "preponderance-of-the-evidence" standard is applied in most civil cases by the fact-finder. The responsibility for making ultimate factual determinations resides with the fact-finder, in this case a jury, not with a trial judge in considering a summary-judgment motion. It is no more the responsibility of a trial judge in considering a motion for a summary judgment to make the ultimate determination of whether a plaintiff in a defamation suit has proven *Page 1142 
constitutional malice by clear and convincing evidence than it would be for a trial judge considering a summary-judgment motion in an ordinary lawsuit to determine whether a plaintiff has demonstrated the elements of his or her claim by a preponderance of the evidence.
When the ultimate standard to be applied by the fact-finder in a civil case is a preponderance-of-the-evidence standard, it is for the trial judge in deciding a summary-judgment motion to determine only whether there is a genuine issue of material fact. That determination, in turn, is a function of whether there is "substantial evidence" as to that material fact. In the context in which preponderance of the evidence is the ultimate standard of proof for the fact-finder, substantial evidence as been defined simply as that evidence from which the fact-finder could reasonably infer the existence of the fact sought to be proved.
Similarly, substantial evidence in the context of a case in which the ultimate standard for a decision is clear and convincing evidence is evidence that a factfinder reasonably could find to clearly and convincingly establish the fact sought to be proved. Thus, even if a trial judge in considering a summary-judgment motion reaches his or her own conclusion that the evidence presented does not clearly and convincingly establish constitutional malice, it is not for him or her to act upon that factual determination, but to determine instead whether the actual fact-finder could reasonably make a different finding based upon the same evidence. I do not believe that a careful reading of the decisions in Sanders v. Smitherman, 776 So.2d 68
(Ala. 2000), Camp v. Yeager, 601 So.2d 924 (Ala. 1992), andDeutcsh v. Birmingham Post Co., 603 So.2d 910 (Ala. 1992), in their entirety, mandates any different conclusion. In any event, the opinion of the United States Supreme Court in Anderson v.Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505,91 L.Ed.2d 202 (1986), that is cited in the main opinion verifies that any different conclusion would be inappropriate.
Although I disagree with the manner in which the trial court employed the clear-and-convincing-evidence standard, I nonetheless believe the result reached by the trial court, and ultimately by this court, to be correct based on the particular evidentiary record and the arguments presented. That is, I do not believe the record before us contains evidence that a fact-finder could reasonably conclude clearly and convincingly establishes that Chief Crouch acted with what the United States Supreme Court has defined as constitutional malice. Accordingly, I concur in the result reached in the main opinion.
[5] Preliminarily, I note that the plaintiff makes no argument on appeal that, under the circumstances presented in this case, she should not be considered a "public official" for purposes of application of the standard announced in New York Times Co. v.Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), or that because of Chief Crouch's employment relationship to the plaintiff as her superior officer he had a greater duty to investigate the truth or falsity of the statements he made concerning her job performance than would be required under the standard announced in New York Times Co. v. Sullivan.