329 So.2d 542 (1976)
AFRICAN METHODIST EPISCOPAL CHURCH, a corp.
v.
ST. PAUL METHODIST CHURCH OF SELMONT, a corp.
SC 1376.
Supreme Court of Alabama.
March 19, 1976.
Chestnut, Sanders & Sanders, Selma, for appellant.
Gamble & Gamble, Selma, for appellee.
MADDOX, Justice.
The question presented is the propriety of the circuit judge's granting summary judgment in a contest between two religious groups over the ownership of church property.
African Methodist Episcopal Church in the United States of America, a national religious organization, and St. Paul African Methodist Episcopal Church, Selma, Alabama, an unincorporated local congregation affiliated with the national organization, brought suit against St. Paul Methodist Church of Selmont, an incorporated local congregation which was organized on June 12, 1969, when a majority of the local congregation disaffiliated from the national organization. In the suit the national organization and the local affiliate sought to enjoin and restrain the newly formed church group from using the church facilities. They also sought an accounting.
The trial judge granted summary judgment in favor of the newly formed church. In granting summary judgment, the court stated:
"It further appearing to the Court that the rights and claims of the parties in and to the real estate involved in this cause depends upon the interpretation and construction of two similar conveyances made to certain individuals as Trustees of St. Paul African Methodist Episcopal Church, Selma, Alabama, which was, at the time said deeds were executed, an unincorporated association consisting of members of a local church or religious society, and that the members *543 of said unincorporated association became incorporated on June 11, 1969, under Article 3 of Chapter 7, Title 10, Code of Alabama 1940 (Recompiled 1958), with its corporate name specified to be St. Paul Methodist Church of Selmont, a Respondent in the present cause; and,
"It further appearing to the Court from the words and language used in the aforesaid deeds and also from existing statutes applicable thereto (§ 126(1) and (126(2), Title 10, Code of Alabama, 1940 (Recompiled 1958) that the parties to the aforesaid deeds intended that the legal title to the real estate conveyed therein should vest in the trustees named as grantees therein free from any regulation and control of the Plaintiffs in this cause, and that upon the incorporation of the members of the aforesaid unincorporated association with its corporate name specified as St. Paul Methodist Church of Selmont, the legal title to said real estate vested in said last named corporation free from any regulation and control of the Plaintiffs in this cause. . . ."
The essential facts appearing in the record are as follows:
Before September 1, 1955, the lot upon which the church building stood for many years was contained in a larger tract of land known as the King estate, which had been devised by will equally to Frederic D. King and an alien German woman, Marie Smitter. The undivided one-half interest owned by Marie Smitter was seized by the alien property custodian of the United States government during the second World War. By similar deeds, dated September 1, 1955, and October 15, 1955, respectively, the Attorney General of the United States and Frederic D. King, conveyed their entire interest in the real estate involved to certain named individuals "as trustees of St. Paul African Methodist Church, Selma, Alabama." Pertinent portions of these deeds read as follows:
"This Indenture, made . . . by and between . . . parties of the first part, and . . . as Trustees of St. Paul African Methodist Episcopal Church, Selma, Alabma, as parties of the second part." (Emphasis added.)
The habendum clauses contain this language:
"TO HAVE AND TO HOLD,. . . forever in trust, for the use of the members of the African Methodist Episcopal Church in the United States of America, according to the rule and discipline of said Church, which from time to time may be adopted and agreed upon by the ministers and preachers of said Church at their General Conference in the United States of America." (Emphasis added.)
It is apparent that the trial court, in resolving the question of whether the parties to the deeds intended for the national organization to have an interest in the property, relied upon Title 10, §§ 126(1) and 126(2), Code of Alabama 1940 (Recomp. 1958), which provides:
"§ 126(1). Corporation free and independent of control unless otherwise provided by deed or vote.Unless otherwise clearly stated in the deed or other instrument under which any church corporation organized under the provisions of this article derives title, or unless afterwards approved by a majority of the adult members of the congregation of such church at a meeting held after announcement from the pulpit of the church at least 7 days from the date of the announcement, such church corporation, whether heretofore, or hereafter organized and incorporated under the provisions of this article, shall be and shall remain a distinct and independent church corporation, free from the regulation and control of any higher church body, denomination or other organization with which it is now or hereafter associated or affiliated insofar as the management, *544 control, disposition, or alienation of its real property is concerned."
Although this statute may aid the fact finder in this case in determining the intent of the grantors, the trial judge inappropriately granted summary judgment. As a general proposition, summary judgment, when issues of motive, intent, and other subjective feelings and reactions are material, is likely to be inappropriate. Moore's Federal Practice § 56.17[41.-2].
The judgment of the trial court is REVERSED and REMANDED.
HEFLIN, C.J., and MERRILL, JONES and SHORES, JJ., concur.