KENNEDY, Justice.
The plaintiff, Mildred Gordon, appeals from a summary judgment entered by the trial court in favor of the defendants, James Nelson and AAA Pest Control, Inc. We affirm in part, reverse in part, and remand.
The issues presented on appeal are whether the breach of contract claim and the breach of warranty claim were sufficient to withstand a motion for summary judgment; whether there was a genuine issue of material fact regarding the negligence and fraud claims; and whether the negligence and fraud claims were barred by the applicable statutes of limitations.
In 1969, Mildred Gordon entered into an agreement with James Nelson, the owner and operator of AAA Pest Control, Inc. (“AAA”), to inspect her house for termite infestation.
In September 1974, Gordon contacted Nelson and told him she had seen small bugs flying in her home. Mr. Nelson treated her house and told her that the bugs were not termites. In October 1986, Gordon hired carpenters to build an addition onto her home; the carpenters told her that her home had extensive termite damage. Gordon requested that Nelson pay for repairing the damage; she says he agreed to do so, but she contends that he made only partial payment, refusing to pay for repairing the damage completely. Nelson contends that in 1987 when he inspected Gordon’s home he had found no live termites, but had seen some damage to the house that appeared to be old. Nelson alleges that, in spite of the lack of active termites as of 1974, he paid $1,700 for the lumber that would replace the damaged wood.
On January 20, 1988, Gordon sued Nelson and AAA, alleging breach of contract, breach of warranty, fraud, and negligent inspection.
Nelson and AAA argue that the trial court, in an order entered after a pre-trial hearing, dismissed all counts of the complaint except the breach of contract and warranty claims. They contend, therefore, that the only issues before this Court are the breach of contract and breach of warranty claims. Gordon argues that none of the counts was dismissed prior to the summary judgment order. The trial court’s summary judgment order dated August 5, 1988, does not indicate that the counts alleging fraud and negligent inspection were dismissed. In addition, the case action summary sheet does not reflect the dismissal of any of Gordon’s counts. Therefore, it appears that the defendants’ summary judgment dealt with each of the four theories, and, therefore, that all four are before this Court on appeal.
*127 I. CONTRACT AND WARRANTY CLAIMS
The contract between Gordon and AAA contained the following language:
“AAA Pest Control, Inc., agrees to assume responsibility for any necessary repairs or replacements to subterranean termite damaged materials on property of Buyer, if said damage results from any live subterranean termites found in damaged materials or household furnishings after the first three (3) weeks elimi-native period from the initial treatment date.”
Nelson and AAA argue that Gordon offered no proof that live subterranean termites were found in the damaged portion of her house or that the damage done to her house was caused by live subterranean termites during the time the contract was effective. As a result, Nelson and AAA contend, Gordon should be precluded from recovery on the breach of contract and breach of warranty claims.
Gordon maintains that the guarantee should be interpreted to mean that termites need only be found alive at some point during the time the contract was in effect. She argues that it is well settled that where the terms of a contract are ambiguous, it is for the jury to decide the meaning of the terms. We agree.
The terms of the guarantee between Gordon and AAA are ambiguous. A determination of precisely when the homeowner must discover the termite damage in order to recover for the damage is not possible without additional evidence. Where a genuine issue of material fact exists, summary judgment is inappropriate. Rule 56(c), A.R.Civ.P.; Murphree v. Alabama Farm Bureau Ins. Co., 449 So.2d 1218, 1221 (Ala.1984). Thus, the summary judgment is due to be reversed as to the breach of warranty and breach of contract claims, and the cause remanded for trial on those claims.
II. NEGLIGENCE AND FRAUD CLAIMS
In ruling on a motion for summary judgment, the trial court should consider any evidence, admissible at trial, submitted in opposition to the motion. Braswell Wood Co. v. Fussell, 474 So.2d 67, 70 (Ala.1985). Gordon presented no evidence that Nelson and AAA were negligent in their inspection of the home or that they acted fraudulently in their inspection and treatment. Because there is no genuine issue of material fact regarding these two claims, and because the defendants were due a judgment as a matter of law on those claims, the summary judgment as to those claims must be affirmed. Tripp v. Humana, Inc., 474 So.2d 88, 90 (Ala.1985).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ„ concur.