Linda Kay Jones Phillips sued Edgar E. Harris and other property owners, seeking to have the trial court determine the ownership of minerals found within 160 acres of real property.[1] The defendant property owners moved for a summary judgment, arguing that the deed under which both sides claimed their interests unambiguously reserved the minerals at issue for them. In her response to the motion, Phillips presented affidavit testimony from a linguistics expert who testified that the language of the deed was ambiguous. The trial court determined that, as a matter of law, the deed was not ambiguous, and the court entered a summary judgment for the defendant property owners. Phillips appeals.
In 1939, Phillips's grandparents received a deed to the property; that deed had the following description of the land conveyed:
 "The SW1/4 of the NE1/4; the E1/2 of the NW1/4; the SW1/4 of the NW1/4, in Section 6, Township 18, Range 9 West, less and except the coal rights reserved by the United States, and being the same land entered by Ross Jones, and patented to him by the U.S. Government; also
 "The S1/2 of the NE1/4; 15 acres on South side of the NE1/4 of NE1/4; 5 acres in the SW corner of the NW1/4 of the NE1/4; 20 acres on the South side of the NE1/4 of the NW1/4; 25 acres on the South side of the SE1/4 of the NW1/4, in Section 1, Township 18, Range 10, West, all of the above described land containing in the aggregate 305 acres, more or less, in Tuscaloosa *Page 976 
County, Alabama, Less and except the mineral rights, which are not intended to be conveyed."
(Emphasis added.) Phillips inherited title to the land described in these two provisions, and the defendants are the successors in interest to the mineral rights described in the second provision.
Phillips argued before the trial court that the reservation of coal rights by the United States, evidenced in the first provision, creates an inherent ambiguity when matched with the exception of mineral rights as contained in the second provision. Phillips argued that, because the reservation of the mineral interest comes after the reservation of the interest in coal, it was unclear whether the grantor intended to reserve mineral rights only as to the second parcel of land described or to reserve mineral rights in both parcels.
To support her argument, Phillips presented the affidavit testimony of Lucinda B. Coulter, who holds a Ph.D in English from Purdue University and who has had 10 years' experience as an editor of technical research reports for the University of Alabama and the State of Alabama. Dr. Coulter testified that the two "less and except" clauses within the two paragraphs quoted directly contradict one another and therefore create an inherent ambiguity within the deed.
Phillips argues that Dr. Coulter's affidavit presented a genuine issue of material fact as to whether the two provisions created an inherent ambiguity in the deed, and she argues that the summary judgment was thus improper. Phillips points out that a summary judgment is proper only where there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. The threshold issue of whether a deed is ambiguous is a not a question of fact, however; rather, it is a question of law to be determined by the trial court, Terry Cove North, Inc. v.Baldwin County Sewer Authority, Inc., 480 So.2d 1171
(Ala. 1985), and a witness, whether expert or lay, cannot give an opinion that constitutes a legal conclusion or amounts to the application of a legal definition. C. Gamble, McElroy'sAlabama Evidence, § 128.07 (4th ed. 1991); see, also,McClelland v. Coston, 227 Ala. 267, 149 So. 697 (1933) (expert on "written land number" could not testify on the meaning of grammar in a deed where to do so would be to state a legal conclusion). We therefore reject Phillips's argument on this point.
Phillips next argues that the deed is ambiguous on its face, and that one does not need Dr. Coulter's affidavit to see the ambiguity. We do not agree. The first provision recognizes the interest reserved by the United States in the coal found upon a portion of the 305 acres being conveyed. The second provision reserves to the predecessor of the defendants an interest in all the minerals found upon the entire 305 acres (except the coal as to which the United States had reserved the rights referred to in the first provision). When construed together, these two separate mineral exceptions co-exist without ambiguity; the defendants simply own all the minerals on the entire property, except for the coal that is found on the portion of land that is described in the first provision. The fact that the first provision carves out a specific mineral exception within the broad mineral exception granted in the second provision does not create an ambiguity within the deed.
When it is construing the terms of a deed, the court's goal is to ascertain the intent of the parties, especially that of the grantor, and in ascertaining that intent, the court must give effect to the plain and clear meaning of the language of the deed, and the parties must be legally presumed to have intended what is plainly and clearly set out. If that intent can be ascertained from the language of the entire instrument, the court need not resort to arbitrary rules of construction.Union Oil Co. of California v. Colglazier, 360 So.2d 965
(Ala. 1978). Here, the deed is clear upon its face, and the trial court properly construed it.
The trial court's judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and INGRAM, JJ., concur.
[1] Phillips also sued Chevron U.S.A., Inc., but the claim against Chevron is not at issue in this appeal. *Page 977