Thomas Robin McIntyre filed a multi-count complaint against Kenneth D. McLeod, Sr., and Jackie O. McLeod. The complaint contained allegations of breach of contract, fraud in the inducement, and fraud on the part of the McLeods regarding the parties' contract for the renovation of the McLeods' property located at 1113 Lakeview Drive, Auburn, Alabama. The complaint also contained claims for unjust enrichment and work and labor done.
The McLeods filed a summary judgment motion, along with the depositions of McIntyre and Kenneth D. McLeod, Sr., and a brief in support of the motion. McIntyre filed affidavits and other documentation, as *Page 1106 
well as memorandum briefs, in opposition to the summary judgment motion.
On February 28, 1995, the trial court entered a summary judgment in favor of the McLeods on the fraud claims and denied the summary judgment motion for the remaining causes of action.
The order granting the summary judgment motion was certified as final for purposes of appeal under Rule 54(b), Ala.R.Civ.P.
McIntyre appeals. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6).
McIntyre raises two issues on appeal:
(1) That the trial court should have withheld ruling on the motion for a summary judgment until the completion of pending discovery.
(2) That a summary judgment was not appropriate on the fraud claim in the present case because there existed a genuine issue of a material fact.
In Terry v. Lee Apparel Co, 656 So.2d 811, 812
(Ala.Civ.App. 1994), this court stated the following:
 "A summary judgment is not barred by the mere pendency of discovery. However, if the trial court, from the evidence, can ascertain that discovery not produced is crucial to the nonmoving party's case, it would be error to rule on the pending motion before discovery was completed. The burden is on the nonmoving party to show that the requested discovery is crucial."
(Citations omitted.)
Rule 56(f), Ala.R.Civ.P., provides the following:
 "If a party opposing the motion shows by affidavit that he or she cannot, for reasons stated in the affidavit, present facts essential to justify a statement in opposition, the court may deny the motion for summary judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."
Specifically, McIntyre argues that the trial court in the present case knew that discovery was ongoing at the time it entered a summary judgment in favor of the McLeods because the trial court had granted McIntyre's motion to extend the time for discovery from March 1, 1995, to March 3, 1995, in order to allow the McLeods to respond to the interrogatories and requests for production. McIntyre also argues that such discovery was crucial to his case.
In the present case McIntyre filed an affidavit in opposition to the McLeods' motion for a summary judgment. McIntyre attached, as an exhibit to his affidavit, the affidavit of Michael C. Givens. McIntyre also filed a narrative summary of the case and memorandum briefs in opposition to the motion for a summary judgment.
However, McIntyre failed to assert in any of these documents that the outstanding discovery was necessary and crucial to the issues raised in the motion for a summary judgment. Consequently, there is nothing in the record to alert the trial court that outstanding discovery was crucial and needed to be produced before the trial court ruled on the pending motion for a summary judgment.
Rule 56(c), Ala.R.Civ.P., provides that summary judgment is appropriate in situations where there exists no genuine issue of any material fact and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that there exists no genuine issue of a material fact and that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher,636 So.2d 682 (Ala.Civ.App. 1994).
Once the movant makes a prima facie showing that no genuine issue of a material fact exists, then the burden shifts to the nonmoving party to present substantial evidence regarding the existence of a genuine issue of a material fact.Porter, 636 So.2d 682.
Our review of the record reveals the following undisputed facts: In September 1992 McIntyre and the McLeods entered into an agreement that McIntyre would repair and renovate a house owned by the McLeods located at 1113 Lakeview Drive in Auburn, *Page 1107 
Alabama. The parties also agreed that McIntyre would obtain subcontractors to install a heating and cooling system in the house.
McIntyre began to repair and to renovate the house. McIntyre also obtained subcontractors to install a heating and cooling system in the house.
The McLeods paid McIntyre $8,000 in April 1993 and $5,500 in August 1993, for a total of $13,500. Thereafter, McIntyre submitted two invoices to the McLeods that have remained unpaid. The first invoice, in the amount of $20,663.68, was submitted in December 1993, and the second invoice, in the amount of $2,311.50, was submitted in January 1994.
The McLeods contend that the parties entered into a cost-plus agreement for the repair and renovation of the house, with a limit of $6,000 to $8,000 and a maximum construction time of three months. The McLeods also contend that this agreement between the parties covered all of the repairs and renovations for the house, with the exception of the installation of the heating and cooling system and the addition of a bathroom and closet, and that the $5,500 payment covered the cost of these additional items.
Further, the McLeods maintain that there was no intent on their part to defraud McIntyre when the parties entered into their agreement and that they had paid all that was due under their agreement.
McIntyre contends that the parties entered an agreement that McIntyre was to repair and to renovate the house on a cost-plus basis and that he stressed to the McLeods that he could not give an estimate as to the total cost.
McIntyre maintains that when he telephoned the McLeods in November 1993 to request another partial payment of $13,074.92, the McLeods told him that they would "pay in full as soon as the job was completed."
McIntyre contends that the McLeods made the promise to "pay in full as soon as the job was completed" so that he would rely on this promise and would proceed to invest more time, money, and labor into the project in order to complete the project. McIntyre also contends that the McLeods had no intention of paying any additional money at the time they made that promise, but merely made the promise to induce him to complete the project. We would note that the McLeods testified that they do not recall such a telephone conversation.
McIntyre also alleges that the parties entered into a separate agreement in November-December 1993 regarding the repair of the front room of the house and that he relied upon the McLeods' intentional misrepresentations that they would pay for the repair of the front room. McIntyre contends that he was damaged when the McLeods refused to pay the invoice submitted for the repair of the front room.
In a fraud action the plaintiff must show, as an essential element of his claim, that the alleged misrepresentation was made with the intent to deceive. Stated another way, the plaintiff must present evidence from which the trier of fact could conclude that the defendant had no intention of acting as promised when the defendant made the promise. Hodges v.Pittman, 530 So.2d 817 (Ala. 1988).
As previously noted, McIntyre submitted the affidavit of Givens to the trial court in opposition to the motion for a summary judgment. McIntyre argues that this affidavit demonstrates a pattern on the part of the McLeods of failing, or refusing, to pay the full contract price. Our supreme court stated the following in Roberson v. Ammons, 477 So.2d 957, 962
(Ala. 1985): "Generally, evidence of past dealing of a party with nonparties is excluded as irrelevant; however, when intent of the party is at issue, that party's prior conduct and acts on other occasions which have a bearing upon that party's intent in a subsequent action are competent evidence."
In the present case, McIntyre submitted an affidavit that the McLeods had failed, or refused, to pay the full contract price in the past. Consequently, we find that there was a genuine issue of a material fact regarding whether the McLeods intended to deceive McIntyre so that he would complete the project. *Page 1108 
Our supreme court has previously stated the following inAfrican Methodist Episcopal Church v. St. Paul Methodist Churchof Selmont, 295 Ala. 343, 346, 329 So.2d 542, 543 (1976): "As a general proposition, summary judgment, when issues of motive, intent, and other subjective feelings and reactions are material, is likely to be inappropriate."
While we should not be understood as determining that the McLeods were guilty of fraudulent conduct, we find that there existed a genuine issue of a material fact regarding whether the McLeods intended to deceive McIntyre and that summary judgment was not proper in the present case. Consequently, we reverse the judgment of the trial court and remand the case to the trial court for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
REVERSED AND REMANDED.
All the judges concur.