On June 9, 1999, Burl A. Gray and Jean S. Gray sued Larry O. Bain and Sharon Johnston (hereinafter collectively referred to as "the defendants"), seeking a declaratory judgment regarding the Grays' ownership of a parcel of land (hereinafter "the parcel") and seeking an order from the court enjoining the defendants from asserting any rights as to the parcel. The defendants answered and counterclaimed, seeking a judgment declaring that they owned the parcel and seeking an order ejecting the Grays from the parcel. The Grays answered the defendants' counterclaim. Burl Gray died on August 27, 1999. On June 1, 2000, Jean S. Gray moved the court to have Burl Gray dismissed as a party to this action; the trial court granted that motion on June 29, 2000.
On September 28, 2000, the defendants filed a motion for a summary judgment. On December 22, 2000, Jean Gray filed a motion for a summary judgment and a brief in support of that motion. The trial court held a hearing on both parties' summary-judgment motions. On May 4, 2001, the trial court denied the parties' summary-judgment motions and issued an order dividing the parcel between the parties. The defendants filed a motion to alter, amend, or vacate the trial court's May 4, 2001, order; that motion was denied by operation of law. The defendants appealed to the Supreme Court of Alabama; Gray cross-appealed. The Supreme Court of Alabama transferred the appeals to this court pursuant to § 12-2-7(6), Ala. Code 1975.
The .05-acre parcel in dispute is located in the Kowaliga Bay Estates subdivision in Elmore County. The record indicates that the parcel is a rocky, narrow strip of land that slopes steeply down on its west side into a slough on Lake Martin. The parcel is bordered to the east by Big Oak Drive, to the north by Cove Drive, and to the south by Poplar Drive.
The record contains a copy of the original subdivision plat filed in September 1953. The subdivision plat divides the property composing the subdivision into units, then into blocks, and then into lots. From our review of the record, it appears that all of the smallest divisions of the property in the subdivision plat are *Page 1036 
designated by lot numbers, with the exception of the disputed parcel. However, on the subdivision plat, three lines are drawn across the parcel. The record indicates that those lines, if continued across Big Oak Drive, match the lines dividing Lots 2, 3, and 4, of Block No. 5, Unit No. 2, of the Kowaliga Bay Estates subdivision.
Gray owns Lots 2, 3, and 4, of Block No. 5, Unit No. 2, of the Kowaliga Bay Estates subdivision, the lots directly across Big Oak Drive from the parcel. The defendants own Lot 13 and Lot 14 of Block 8, Unit 2, of the Kowaliga Bay Estates subdivision. One of the defendants' lots is directly across the slough from the parcel. The parties' deeds describe their respective properties by lot, block, and unit numbers; all of the deeds preceding those deeds date back to the time the subdivision plat was recorded, and describe the properties by lot, block, and unit numbers. None of the deeds to the parties' properties contain a metes-and-bounds description, and none of the deeds reference or describe the parcel.
The defendants assert that they are the rightful owners of the parcel; they claim their title through their predecessor in interest. The defendants purchased their lots from Tony G. Hornsby and Debra R. Hornsby. The deeds from the Hornsbys to the defendants describe the properties by block, unit, and lot numbers; the deeds do not specifically describe the parcel.
The defendants assert that the tax records from the Elmore County Revenue Department's office refer to the parcel as "parcel 57." The defendants assert that the Revenue Department's records indicate that the Hornsbys had paid the property taxes on the parcel from 1984 to 1999. The defendants assert that the Revenue Department's records indicate that Sherwood Development Company, the Hornsbys' predecessor in title, paid the property taxes on the parcel from about 1958 to 1984. On February 15, 1999, the defendants purchased "lot 57" from the Hornsbys; on that date, the defendants obtained from the Hornsbys a quitclaim deed describing the parcel.[1] Just a few days before that, Sherwood Development, through its former directors, had given a quitclaim deed describing "parcel 57" to the Hornsbys.
Gray asserts that the Revenue Department's maps are misleading. According to Gray, the first map was prepared in November 1953; that map contains most of the lines from the original subdivision plat. The map was redrawn in 1959. No lines dividing the parcel are reflected on the Department's 1959 map.
The trial court's May 4, 2001, order is titled "Order on Motions for Summary Judgment." The trial court's order states, in pertinent part:
 "This cause came to be heard in open court on January 22, 2001, on motions for summary judgment filed by both [Gray] and the defendants. Both [Gray] and the defendants claim to own a certain parcel of property which lies west of Big Oak Drive in the Kowaliga Bay Estates Subdivision in Elmore County, Alabama. [Gray] claims to own this property by virtue of her contention that it is a part of Lots 2, 3, and 4 of Block No. 5, Unit No. 2, and that she is part of *Page 1037 
 the chain of title evolving from the original developers of the subdivision. The defendants . . . contend that they own this disputed property, referred to by the [Elmore County] Revenue Commissioner's Office as "Parcel 57," by virtue of the fact that they purchased the same from Tony G. Hornsby in February, 1999, combined with the fact that Hornsby's predecessors in title have paid ad valorem taxes on the same since about 1958.
 "In order to resolve this dispute, the court is required to determine the intent of the original developers of the subdivision in regard to the possible inclusion of land west of Big Oak Drive as part of Lots No. 2, 3, 4, and 5 of Block No. 5, Unit No. 2. The court finds that the intent of the original developers in this regard is ambiguous and, therefore, under the equitable powers afforded to this court, said disputed property is hereby divided as follows:
 "The portion of the disputed property west of Big Oak Drive which is directly in front of Lots 2 and 3 of Block No. 5, Unit No. 2, is awarded to . . . Gray; and
 "The portion of the disputed property west of Big Oak Drive lying directly in front of Lots 4 and 5 of Block No. 5, Unit No. 2, is awarded to the defendants, . . . .
"IT IS FURTHER ORDERED as follows:
" . . . .
 "4. That the court finds that this order on motions for summary judgment shall be regarded as a final order subject to appeal by either or both parties. The court further finds, with the agreement of counsel for both parties, that a trial on this matter is unnecessary and would serve no useful purpose as same would not place before this court any testimony or documentary evidence which the court has not already considered in making this ruling."
(Emphasis added.) The only testimony taken in this action was the depositions of the parties; the trial court did not conduct an evidentiary hearing.
A summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; Bussey v. John Deere Co., 531 So.2d 860
(Ala. 1988). "When the movant makes a prima facie showing that those two conditions are satisfied, the burden shifts to the nonmovant to present `substantial evidence' creating a genuine issue of material fact." Exparte Alfa Mut. Gen. Ins. Co., 742 So.2d 182, 184 (Ala. 1999). "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). In reviewing a summary judgment, this court must review the record in a light most favorable to the nonmoving party and must resolve all reasonable doubts concerning the existence of a genuine issue of material fact against the moving party. Hanners v. Balfour Guthrie, Inc.,564 So.2d 412 (Ala. 1990).
On appeal, both parties assert that the trial court erred in entering its order dividing the parcel following a hearing on both parties' summary-judgment motions. The parties assert that because the trial court's order found the original subdivision developers' intent to be ambiguous, a summary judgment was inappropriate. The determination of whether a deed is ambiguous is a question of law, and, thus, it is an issue to be determined *Page 1038 
by the trial court. Phillips v. Harris, 643 So.2d 974 (Ala. 1994). However, if the trial court determines that the deed is ambiguous, the intent of the grantor becomes a factual issue, and the trial court may look to extrinsic evidence to determine the intent of the grantor. Exparte Martin, 775 So.2d 202 (Ala. 2000). When a genuine issue of material fact exists regarding the intent of the grantor in the deed, a summary judgment is not appropriate. African Methodist Episcopal Church v. St.Paul Methodist Church of Selmont, 295 Ala. 343, 329 So.2d 542 (1976); seealso Gordon v. Nelson, 555 So.2d 125 (Ala. 1989).
Both Gray and the defendants filed summary-judgment motions asserting that each owned the parcel in its entirety. Neither party asserted that the subdivision plat or the original deeds were ambiguous. Further, neither Gray nor the defendants purported to own only a portion of the parcel. The trial court determined that the subdivision plat was ambiguous. However, the trial court did not provide the parties an opportunity to present evidence regarding how the subdivision plat should have been construed, if in fact it was ambiguous. Such a determination was a question of fact, and, thus, a summary judgment was not appropriate. See African Methodist Episcopal Church, supra.
In addition, both parties assert that the trial court erred in dividing the parcel in a manner inconsistent with the parties' assertions and unsupported by the evidence presented by the parties at the hearing on the parties' summary-judgment motions. The Supreme Court of Alabama has held "that it is error for a trial court to establish a [property] line not supported by the evidence presented" and not asserted as the true property line by either landowner. Ramsey v. O'Neal, 812 So.2d 324, 328
(Ala. 2001). We conclude that the trial court erred in dividing the parcel when the division was unsupported by the evidence presented to the trial court during the hearing on the summary-judgment motions, and the division was inconsistent with any contention of the parties. SeeRamsey, supra.
We conclude that a summary judgment at this stage was inappropriate. Thus, we reverse the trial court's May 4, 2001, judgment and remand the action for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Yates, P.J., and Crawley, Pittman, and Murdock, JJ., concur.
[1] The record indicates that Rufus King purchased numerous lots in the Kowaliga Bay Estates subdivions from the original subdivision developers, including the lots now owned by the defendants. King sold a great number of those lots to Sherwood Development. Upon the dissolution of Sherwood Development, the Hornsbys purchased all the remaining lots Sherwood Development owned. The deed conveying the defendants' lots from Sherwood Development to the Hornsbys describes the lots by block, unit, and lot numbers.